202                    CASES IN THE SUPREME COURT

State use Burton's admr. vs. Fort et al.                    [JULY

STATE USE BURTON'S AD, VS. FORT ET AL.

The declaration, in an action upon a sheriff's bond for failure to levy an execution, set out with particularity a decree in chancery and the execution issued thereon, and alleging that costs were decreed to the plaintiff. Upon a plea of *nul tiel record*, the decree offered in evidence was silent as to costs—the allegation was merely inducement to the breach, and the variance between the declaration and the decree was immaterial.

Costs do not, as a consequence, follow a decree in chancery; the whole question of costs is within the discretion of the Chancellor.

*Writ of error to the Circuit Court of Pulaski county.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

FOWLER & STILLWELL, for plaintiff.

BERTRAND and WATKINS & GALLAGHER, for the defendants. As to the variance between the declaration, in alleging a decree for costs, and the decree offered in evidence, see *Stephen on Plead.* 190; *Butler vs. Owen use, etc.,* 2 *Eng.* 373; *Caldwell vs. Bell & Graham,* 3 *Ark.* 421.

Mr. Justice HANLY delivered the opinion of the Court.

This is an action of debt brought by the plaintiff in error against the defendants, on a sheriff's bond.

The declaration, after setting forth the penalty of the bond and its condition, proceeds to assign the breach of the condition as follows: That sometime anterior to the 25th Sept., 1854, one Burr obtained an injunction restraining the plaintiff Burton from proceeding to execute a certain judgment at law, rendered in favor of the latter against the former; that this injunction suit was pending in the Circuit Court of Independence county; that on the 25th Sept., 1854, on the motion of Burton, the injunction granted to Burr was dissolved by a decree of the Court

in which it was pending; that on the dissolution of the injunction, the Chancellor decreed to Burton the sum of one hundred and fifty-eight dollars and 4¼ cents, by way of damages under the Statute, besides costs sustained in and about that suit, which it is averred, were taxed at the sum of $17 96; that after the rendition of this decree, the plaintiff Burton caused process of execution to be thereon issued, and placed the same in the hands of the defendant *Fort*, who was then sheriff of Independence county, and the principal in the bond declared on, with directions that he should make the amount from Burr; that Burr had abundant property in Independence county, and that the defendant Fort, as sheriff, failed and omitted to have the amount of the execution, at the time prescribed by law.

Fort and Noland were served with process, and at the return term of the writ appeared and filed their three pleas, to wit: 1st. That no such *fi. fa.* as the one recited in the declaration ever came to the hands of the defendant, Fort: 2d. *Nul tiel record* as to the judgment or decree also recited, as well as the execution issued thereon. 3d. And that Fort had duly executed and returned the *fi. fa.* in the manner prescribed by law, and the command thereof.

Issues were made up on these pleas. A jury was empannelled to try the *first* and *third*, and the *second* one was submitted to the Court. To sustain the issue upon the plea of *nul tiel record*, the plaintiff proposed to read a transcript corresponding with the one recited in the inducement to the breach of the condition of the bond declared on, and stated above, except it does not appear, from the transcript of that decree, that the Chancellor rendered any decree for costs against Burr on dissolving his injunction against Burton. The reading of this transcript was objected to by the defendants, on the ground of the variance between the decree offered in evidence, and the one recited in the declaration. The Court below sustained this objection, and refused to permit the plaintiff to read the transcript of the decree; for which the plaintiff excepted, and having no other evidence to offer in support of this issue, there was a finding of the Court for the defendants upon the plea of *nul tiel*

*record*. And the plaintiff failing to offer any evidence in support of the two issues submitted to the jury, they were instructed by the Court to find for the defendants, which they did. To all of which, it appears from the transcript, the plaintiff excepted at the time, and filed his bill of exceptions, embodying the foregoing facts. Final judgment was rendered for the defendants, Fort & Noland, and a discontinuance entered against the other defendants not served with process.

The plaintiff brought error, upon which the cause is now pending in this Court, and assigns for error the ruling of the Court below in reference to the rejection of the transcript of the decree rendered by the Chancery Court of Independence county, as evidence in support of the issue found on the plea of *nul tiel record*. And it is this question that we are now called upon to determine.

It is insisted on the part of the defendants, that the plaintiff in this cause should be held to prove the allegations contained in his declaration, whilst it is maintained by the plaintiff that he should only be required to prove those allegations which are material and necessary, and not those in that part of his declaration which is inducement to the breach of the bond declared on.

This brings us to enquire into the office of an *inducement*, when applied to pleading, for it is presumed that the statement in the declaration now under consideration, in reference to the decree in question, is conceded to have been introduced by the pleader by way of inducement to the breach of the condition of the bond declared on, as the cause of action set out in the declaration was the bond of the defendants, and not the decree, shown by the transcript, rendered by the Chancery Court of Independence county. The office of an *inducement* in pleading is said to be explanatory, and, as such, it does not require exact certainty in its statement, nor strict proof of its existence as stated. (See 1 *Chitty's Plead.* 291.) To illustrate our view we will give an example. As for instance, where an agreement with a third party is stated only as inducement to the defendant's promise, which is the main cause of action, it is con-

sidered, in general, sufficient to state such agreement without
certainty of name, place or person, (see *Yelv*. 17.)  We have
been considering the office of an *inducement* in pleading.  We
must also consider it in reference to its influence with regard
to the rules of evidence applicable to it, and we know not how
better to express our views on this branch of the subject than
by quoting the language of LORD MANSFIELD in *Doug*. 665, 4
*East* 100, who is reported to have said, that "the distinction is
between that which may be rejected as surplusage, which may
be struck out on motion, and what cannot.  Where the declara-
tion contains impertinent matter, foreign to the cause, that will
be rejected by the Court, and need not be proved.  But if the
very ground of the action be mis-stated, that will be fatal, for
the plaintiff must recover *secundum allegata et probata*."  As an
example of the principle thus stated, we give the case reported
in 4 *B. & C*. 380, *Brownfield vs. Jones*, which was an action
against the Marshal for an escape; the declaration after stating
the original judgment, set out a judgment in *scire facias*, recit-
ing the original judgment, with the usual award of execution,
and then averred that "*thereupon*" the party was committed:
it was held in this case, that the allegation of the judgment in
the *scire facias* was immaterial and need not be proved.  Let
us apply these principles to the case at hand, and we are irre-
sistibly forced to the conclusion that the plaintiff was more pre-
cise and particular in stating the facts forming the inducement
to the breach of the bond sued on than the law required; that
he might have referred in general terms to his recovery of a
decree against Burr in the Chancery Court of Independence
county, and that, upon that decree execution had been awarded
and issued, etc., without specifying the circumstances antece-
dent to the decree, the date of its rendition, or its amount, etc.;
for the reason that these facts were not necessary or material
in pleading, to show his right of action, or to apprise the defend-
ants of what they were called on to contest, or to enable the
Court to pronounce a judgment commensurate with his rights
in the premises.  The *gravamen* of the action was the execu-
tion of the bond sued on, and the breach of its condition by the

defendants. The amount to be recovered, the damages sustained by the plaintiff resulting from that breach, determined by the proof to be offered at the trial, *i. e.* by producing the execution placed in the hands of Fort to be executed on Burr's property, and which is charged to have been wantonly or negligently omitted by Fort. The production of the execution and its proof on the trial would, *prima facie*, entitle the plaintiff to recover the amount specified therein as well as the amount of costs taxed by the clerk. We say that this would afford *prima facie* evidence of the amount which the plaintiff would be entitled to recover in the suit. It could not be conclusive of the fact for. the reason that the decree, from which the execution had emanated, would also be competent evidence, for either party, to repel the influence of the *prima facie* evidence afforded by the execution, in consequence of the principle that an execution must correspond, in essentials, with the judgment or decree upon which it is issued. But suppose, in point of fact, as it seems was the case in the instance before us, there should be a discrepancy between the amount named in the execution and the sum specified in the decree on which the execution issued. As a question of evidence, we have no doubt it would be competent to prove by the decree that the execution was for too much. The potency or impotency of the evidence in this case would be a question of law, for we presume that testimony *dehors* the record (decree) would not be competent to prove that the amount specified in the execution was correct, because the law would intend, under such circumstances, the existing discrepancy to proceed, rather from the misprision of the clerk in framing the execution, than the error of the Court which pronounced the decree; on the ground that intendments are more favorable towards judicial acts than those proceeding from ministerial officers, and for the additional reason that it is to be presumed that if there had been an error of fact in the decree, it would have been corrected on suggestion, or showing made to the Court by the party in interest. But independently of these views we conceive the question involved in this case

has been put to rest by the case of *Hunt et al. vs. Burton admr.* delivered at the present term, and the cases therein cited.

There can be no question but that there is a variance between the declaration and the copy of the decree produced in evidence, as shown by the transcript. The declaration recites, in the inducement to the breach of the bond declared on, a decree for so much damages and costs, when the decree produced shows only an interlocutory decree dissolving the injunction obtained by Burr without an award of costs. The counsel for the plaintiff in error insists, that though no costs were awarded by the Chancellor, the legal effect of the decree is correctly stated in the declaration, or, in other words, that a decree, like a judgment at law, carries with it the costs as an incident or consequence. In this, we conceive, he is mistaken. As to his correctness with reference to judgments at law, we will not stop to enquire. The question of costs in Courts of equity may be said to be, almost universally, a matter of discretion with the Chancellor, and, as a consequence that costs do not follow a decree as an incident, but must depend, except in cases regulated by express Statute, upon an affirmative decree. See 3 *Dan. Ch. Pr.* 357. 1 *Eden on Inj*. 116, *note* 1. It is not usual in chancery causes, except in special and rare cases, for the Chancellor to act upon his discretion, and pronounce a decree for costs until the final hearing or absolute disposition of the entire cause. In injunction suits, and upon a motion to dissolve, the practice seems to be, that if, upon the hearing of the motion to dissolve, the Court is of opinion that it was improperly granted, or that the case made by the complainant is contradicted, or not supported, it will order the injunction to be dissolved, either with or without costs, as the justice of the case may appear to require. See 3 *Dan. Ch. Pr.* as above. But a decree could only go for *partial* costs on sustaining a motion to dissolve an injunction. The question of full costs being always retained to the final hearing; (see *Davenport vs. Mason*, 2 *Wash.* (*Va.*) *R*. 258; *Barrett vs. Skinner*, 2 *Hen. & Munf. R*. 7,) for the reason that a decree dissolving an injunction is regarded as only *interlocutory*. See *Johnston & Johnston vs. Alexander, Surv. of*

*Morse*, 1 *Eng R.* 308.   As we have before shown, there was no decree for costs, either *special* or *full*, given on the dissolution of Burr's injunction by the Chancery Court of Independence, for the reason, we are forced to presume, that the Chancellor who pronounced that decree intended to reserve the question as to costs to the final hearing of the cause.   But it was unnecessary that we should have considered this latter point made by the counsel, for the reason that we have already held that the declaration in this case was unnecessarily particular and specific in stating the inducement to the breach of the bond declared on; that a general reference to the decree, without reciting its amount or date, was all sufficient, and that as a consequence, the proof need not correspond strictly with the allegations in that respect, it being esteemed sufficient that the proof should substantially correspond with such allegations.

Entertaining the views expressed on the point and questions discussed above, we are of opinion that there is error in the ruling of the Circuit Court of Pulaski county in this case, in this: that said Court should have considered the transcript of the decree and execution, offered by the plaintiff as evidence to support the issue formed on the plea of *nul tiel record*, regardless of the supposed variance between the allegations in the declaration and the proof.

The judgment will, therefore, be reversed, and the cause remanded to the Circuit Court of Pulaski county with directions that it be proceeded in according to law, and consistent with this opinion.

Absent, Hon. C. C. SCOTT.