## The City of Detroit v. Joseph P. Whittemore.

*City counselor: Official duties: Services: Quantum meruit.* The city counselor of Detroit being required by the city ordinances to appear as attorney and counsel in behalf of the city in all suits, prosecutions or proceedings, brought in any circuit court or the supreme court of the state, or in any United States court, by or against the city, or any board thereof, etc., and to prosecute or defend therein, to the termination thereof, and his official bond being required to be conditioned for the performance of all his duties as prescribed by the charter and ordinances, one who has, previous to his appointment as such counselor, been employed to bring and carry through to its termination a suit in behalf of the city, cannot recover on a *quantum meruit* for services in said suit performed after he became city counselor, in the absence of any agreement that the business of carrying on such suit, though falling within his official duties, should not be considered as included among the services paid for by the annual salary, but should be compensated for in some other way.

*Attorney: Compensation: City counselor: Official duties: Salary: Services.* An attorney employed to carry a suit through for an agreed sum has a vested right to the compensation when he accepts and begins the service; and the subsequent appointment of such attorney to a position where it would become his official duty thereafter to conduct such suit to its termination by virtue of his general employment, would not prevent him from recovering ;the sum agreed upon under the private contract; but if the original employment were to conduct the suit to its termination for such compensation as the services should be reasonably worth, he could only recover the value of his services prior to such appointment.

*Attorneys: Employment: Agency.* The employment of counsel does not differ in its incidents, or in the rules which govern it, from the employment of an agent in any other capacity or business.

*City counselor: Official duties: Appointment: Previous arrangement: Merger.* Where the duties performed by one holding the position of city counselor are official duties, such as that officer is by law required to perform, and such as by his official bond he has agreed to perform, it is impossible to infer, in the absence of any express contract to that effect, entered into when he accepted the appointment, that such duties were to stand apart from the official duties in general, and to be paid for separately, because of some previous understanding which was had when the official appointment was not contemplated; all such previous understandings will be regarded as terminated by and merged in the appointment, unless otherwise expressly agreed.

*City counselor: Salary: Evidence.* In this suit, which is framed and conducted on the theory that the services for which recovery is sought were excepted by the previous understanding, from the official duties of city counselor for which the salary was intended as compensation, and not on the theory that no compensation was fixed and allowed by the city authorities for the performance of the official duties, it is immaterial that it was not shown by the city that any official salary was paid to the plaintiff; the compensation fixed for the performance of the duties of city counselor covers so much of the services in question as were performed after the appointment of the plaintiff to that office.

*Heard May 7. Decided May 13.*

Error to Wayne circuit.

*D. C. Holbrook, City Counselor,* for plaintiff in error.

*George H. Prentis, J. P. Whittemore* and *Henry M. Cheever,* for defendant in error.

COOLEY, J.

It is a disagreeable task when a court is required to decide that a party who has performed for another a large amount of labor under the expectation on his part of reasonable compensation has no remedy in the law to compel payment. And such is the task we are required in this case to perform.

In 1868 Mr. Whittemore was employed by the city of Detroit, through a committee of the common council empowered for the purpose, to commence in the Wayne circuit court, and to carry through the several courts, as might be necessary, an important suit against the Detroit & Milwaukee railroad company. The employment seems to have contemplated that a case would be agreed upon between the parties, and Mr. Whittemore was to have an assistant selected by himself, and the whole expense was not to exceed five hundred dollars. The railroad company, however, declined to agree upon a case, and it became necessary to commence and carry on the suit in the usual way, and a large amount of testimony ·had to be taken. For some reason not explained no assistant counsel was called in, and the common council seem to have been satisfied to leave the whole matter in Mr. Whittemore's hands, and the city would therefore be under obligation to pay the whole of the five hundred dollars to him. There is some evidence from which it might be inferred that when it was found a case could not be agreed upon, the council, or its committee, were notified that the suit could not be carried through for the sum named, and that the case proceeded afterwards on an understanding that Mr. Whittemore should be paid what his services were reasonably worth. In July, 1869, he was appointed city counselor of Detroit, and acted

as such from that time until January, 1872. The suit was pending in the circuit court at the time of his appointment; it was brought to a hearing in the following year, and after decision, was carried by appeal to the supreme court, where it was argued by Mr. Whittemore, and finally decided in 1871. When it was concluded, Mr. Whittemore presented his demand to the common council for settlement, claiming a fair compensation, irrespective of the original understanding. The council allowed him five hundred dollars only, and declining to take this, he brought suit. A jury has awarded him two thousand dollars as the fair value of his services.

The count in the case is upon a *quantum meruit*. Various errors are assigned in the record, but the only one we propose to consider is the charge of the court, that if Mr. Whittemore was employed by the city, previous to his appointment as city counselor, to conduct the case to its final termination, then he is entitled to recover what his services are reasonably worth, even though some portion of the services were rendered after such appointment. The whole controversy is covered by this charge, and if incorrect, the judgment cannot stand.

The office of city counselor of Detroit is a statutory office, and the term of office, duties and compensation are prescribed by the common council.—*Sec. 2, ch. 2 of Charter.* Section 3, of chapter 5 of the city ordinances, provides that the counselor "shall appear as attorney and counsel in behalf of the corporation in all suits, prosecutions or proceedings which shall be brought in any circuit court, or in the supreme court of this state, or in any United States court, by or against said corporation [the city], or any board thereof, or which, when brought, shall be removed in any mode whatever, from such circuit court into the supreme court, and as the case may require, shall prosecute or defend therein to the termination thereof." Another section requires of him an official bond, which is condi-

tioned "for the performance of all his duties as prescribed by the charter and ordinances of the city."—*Sec. 12, ch. 5.*

From this enumeration of the duties of city counselor it will be preceived that the conduct of the suit against the Detroit & Milwaukee railroad company was a part of the official duty of that officer, which he was bound to perform for such compensation as the council should prescribe, and which in an official bond he must have undertaken to perform under a penalty. Had Mr. Whittemore come into the office without having had any previous connection with the case, no question whatever could have been made, that it would have been his duty to take up the case in the condition in which it then was, and conduct it to a conclusion. It would have been equally unquestionable that the salary appropriated by the common council to the office, must have covered all the compensation to which by law he would be entitled. Had he been connected with the case previously under an ordinary retainer which the city might terminate at the will of the council at any time, the same result must have followed. He could have demanded a reasonable compensation for all services performed by him previous to his appointment as city counselor, but all performed afterwards, falling within the duties of the counselor as enumerated in the ordinance, must have been considered as performed in that capacity.

But it is urged in support of the judgment below, that this case is distinguishable, because Mr. Whittemore had previously been employed to conduct the suit through all the courts. His appointment to an office, it is said, could not put an end to a contract previously existing and not yet fully performed. This is doubtless true as a general proposition, but whether it is so in the particular case may perhaps depend upon the nature and terms of the employment. If the city had previously had no official adviser, and had employed Mr. Whittemore as private counsel to manage all its litigation for the year, but before the year was up had chosen him city counselor and he had accepted

the office, it would not, we presume, be seriously urged that he might continue and recover compensation under the original employment, and at the same time hold the official position as a sinecure, and receive the salary as if he had officially performed the duties. This may be a very extreme illustration of what might possibly occur, but it remains to be seen whether the ruling of the circuit judge would not justify such a course and such a recovery.

It must, probably, be conceded that the city, having authority to employ private counsel, has the right also in making contracts for the purpose, to enter into such stipulations as natural persons would be at liberty to make. Among these would be, the right of agreeing at the time of retainer what the compensation should be for the whole service then supposed likely to be required. We do not doubt that the common council, when they first employed Mr. Whittemore, were entirely at liberty to agree that the compensation to be paid him should be a round sum specified, for managing the suit from its institution to its conclusion. We may also concede that the appointment of a person thus employed to the office of city counselor, would not, in the absence of any qualifying facts, have any effect to diminish the compensation agreed to be paid under the previous retainer. But to reach this conclusion it would not be necessary to hold that the services performed in the suit after the office was accepted, were performed under the original contract and not officially, because the conclusion would be the same whether it was so held or not. An attorney employed to carry a suit through for an agreed sum has a vested right to the compensation when he accepts and begins the service; and he cannot be lawfully deprived of it except by his own consent or through his own default or misconduct. If he is discharged from the employment before the service is completed, he may recover the whole sum; and if we take the exact case before us, and regard the appointment to the city counselorship as a termination of service under the private contract, the sum

agreed upon may still be recovered, because of the manifest impossibility of making an apportionment of the services and compensation, when the parties themselves by their contract expressly abstained from making any, and may in fact be said to have agreed that none should be made.

But the theory of this case is, that after it was found the railroad company would not agree upon a case, the previous agreement to perform the whole labor for a sum in gross was abandoned, and that the case proceeded afterwards on an understanding that a reasonable compensation should be made for the services from commencement to conclusion.    The only thing to distinguish this case, then, from an ordinary retainer is, that in ordinary cases an attorney is employed during his client's pleasure only, while in this case, it is claimed, the employment was expressly till the case was concluded.    Whether the cases are at all different in the law, we will not stop to consider.    The position of the defendant in error is, that by this express employment the case was taken out of the category of services for which the common council, in fixing the salary of the office, would provide official compensation, and left to be governed by the previous contract.

The employment of counsel does not differ in its incidents, or in the rules which govern it, from the employment of an agent in any other capacity or business.    The clerk of a merchant, the servant of a corporation, the laborer in a factory or on a farm, will recover his compensation on the same principles.    If under the like circumstances of special employment, one of these parties should enter into the general service of his employer before the special service had been fully performed, and should afterwards demand payment for that service, after having received the agreed compensation under the general employment, the case would be precisely analogous to the present.    And it will not, therefore, be inappropriate to make use of such a case by way of testing the proper rule to apply in this.

In order to see where the doctrine would lead us, we

may, then, suppose a master mechanic to have employed another to construct a certain building for him, on the understanding that he was to complete it fully, and receive such compensation as the labor was reasonably worth; and that after having partly constructed it, the employer should decide to take the workman into his general service at an annual compensation agreed upon, and from that time such workman should give his whole time to the employer, indifferently on the building he was to construct and on other work; could it be seriously contended when the building was completed, that the laborer was justly entitled, not only to the annual compensation agreed upon, but also to the whole value of the services performed in erecting the building, whether before or after the general employment? On the contrary, would not the inference be irresistible that in the understanding of the parties the general employment must have terminated the special arrangement, and that whatever was done afterwards was under such employment?

A proposition in the case of a mechanic so plain and simple, seems scarcely to admit of argument, or capable of being strengthened by illustration, but the case before is at least equally clear and plain. Mr. Whittemore was employed to carry on a particular suit for a reasonable compensation. After it had been in progress for a season the common council, gratified doubtless with the manner in which it was being conducted, decided that it was best not to confine his employment to the single suit, but to extend it to all their litigation in the higher courts. For this purpose they resorted to the proper and usual mode; that is to say, they appointed him city counselor. He accepted the appointment. It was not necessary to make a bargain as to his official duties, for the law then in force defined them, and they embraced all the litigation referred to. The law also declared that the compensation for the whole should be such sum as the common council should prescribe. He took the office with the law before him, and he agreed in his official bond to discharge all the duties thereof.

Now we do not say that it would be incompetent for the common council at the time of the making and accepting of such an appointment, to agree with the person appointed that any particular business, though falling within his official duties, should not be considered as included among those paid for by the annual salary, but should be compensated in some other way. That case is not before us, and when it shall arise, the salary will probably be fixed with reference to the special facts. All that we now say is this: Where the duties to be performed are official, and by law the city counselor is required to perform them, and by his bond agrees (as we must presume he has done) to do so, it is impossible to infer, in the absence of any express contract entered into when accepting the appointment, that any such duties were understood to stand apart from the official duties in general, and to be compensated for separately, because of some previous understanding which was had when the official appointment was not contemplated. The law can draw no such inference; it can imply no promise under such circumstances. On the contrary, all previous understandings having reference to services which it now becomes the duty of the counselor to perform officially, must be regarded as terminated by and merged in the appointment, unless otherwise expressly agreed. We see no escape from this conclusion. When the law implies that a particular service is already paid for by an official salary, it can raise no implication of an agreement to pay for it separately; for such an implication can only rest upon a legal duty, which, in the case supposed, is already presumed to have been performed.

It is suggested, however, that it was not shown by the city that any official salary was paid Mr. Whittemore. But this is immaterial to the present suit. What we decide is, that the compensation to be fixed by the council for the performance of the duties of city counselor covers the services for which this suit was brought. This suit is not framed or conducted on the theory that no such compensa-

tion was fixed and allowed, but on the theory that these services were excepted from the allowance by the special understanding. As we find it impossible to support that theory, the judgment cannot stand. The plaintiff, on the facts, as they appear in the present record, should have been limited in his recovery to the sum of five hundred dollars, unless the jury were satisfied that the original agreement for that sum was abandoned by consent, in which case he was entitled to a reasonable compensation for all services performed previous to entering upon his duties as city counselor, and to nothing afterwards.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.