# WINDETT *v.* UNION MUTUAL LIFE INSURANCE COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE NORTHERN DISTRICT OF ILLINOIS.

No. 253. Argued March 31, April 1, 1892. — Decided April 18, 1892.

If a mortgagor, who has agreed by the terms of the mortgage that he will pay all taxes, and that the mortgagee, in case of sale for breach of condition, shall be allowed all moneys advanced for taxes, or other liens or assessments, with interest, neglects to pay taxes duly assessed, and the land is duly sold for the non-payment of such taxes, and the validity of the deed made to the purchaser is doubtful, the mortgagee, upon a bill for foreclosure, is entitled to be allowed a sum paid by him to buy up the tax titles, exceeding the amount of unpaid taxes and interest by a very small part only of the penalties accrued.

An agreement to pay an attorney at law a retainer for professional services which are never performed is not to be implied.

IN EQUITY, to foreclose a mortgage. The mortgagor having failed to pay the taxes on the mortgaged premises, they were sold for taxes. The mortgagee bought in the tax titles from the purchaser, and filed this bill to foreclose the mortgage. The mortgagor set up in reduction of the mortgage debt a claim for retainers as attorney at law of the mortgagee for services never performed, and further contested the allowance of the amount paid by the mortgagee to acquire the tax titles, on the ground that the sales were void, by reason of non-compliance with the provisions of the Statutes of Illinois in this respect. The master allowed the sum paid for the acquisition of the tax titles, and disallowed the amounts claimed for retainer, allowing only amounts for services actually performed. From the decree rendered on that basis the defendant appealed.

*Mr. Arthur W. Windett* in person for appellant.

I. The tax titles, sales and deeds were unlawful, null and void for want of the statutory notice to the occupants of the property in possession. *Gage* v. *Bani,* 141 U. S. 344.

II. The tax titles held by Gage not being liens, or encumbrances, they did not impair the security, nor endanger the title; consequently the outlay for the purchase of them was unnecessary, and not authorized by the trust. *Williams* v. *Townsend*, 31 N. Y. 411; *Atwater* v. *West*, 28 N. J. Eq. 361; *Burnet* v. *Deniston*, 5 Johns. Ch. 35; *Anthony* v. *Anthony*, 23 Arkansas, 479; *Dale* v. *McEvers*, 2 Cowen, 118; *Rapplye* v. *Prince*, 4 Hill, 119.

III. Neither Gage claiming under tax deeds and titles, nor the company as his assignee, is entitled to active relief in a court of equity, even though the tax deeds were regular and legal. *Gage* v. *Bani*, 141 U. S. 344.

IV. The taxes, having been satisfied by the sales, were extinct, and were not a lien, charge or incumbrance on the mortgaged property; and neither Gage, nor the company as his assignee, could claim reimbursement from the landowner, the mortgagor, nor from the State. *Smith* v. *Prall*, 133 Illinois, 308.

V. The court had not jurisdiction in a chancery foreclosure to deal with the tax titles, or claims or with the holder of them. *Gage* v. *Perry*, 93 Illinois, 176; *Bozarth* v. *Saunders*, 113 Illinois, 181; *McAlpin* v. *Zitzer*, 119 Illinois, 273.

VI. It was error to adopt and confirm the master's report. The master exceeded his authority by the terms of the reference, which restricted him to the truth of the bill, and the amount due on the note, and did not direct him to report conclusions as to the matters of defence, *i.e.* the questions as to the alleged outlay to Gage, and the claims for professional services. These were judicial questions which the court could not delegate to its ministerial officer. *DeLeuw* v. *Neely*, 71 Illinois, 473; *Mosier* v. *Norton*, 83 Illinois, 519.

*Mr. P. S. Grosscup* and *Mr. J. H. Drummond* for appellee.

Mr. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity by a corporation of Maine against a citizen of Illinois to foreclose a deed of trust, in the nature

of a mortgage, of land in Chicago, made by the defendant to the plaintiff on July 12, 1869, to secure the payment of his note of that date for $7500, payable in five years, with interest at the rate of eight per cent; and containing covenants that the premises were " free and clear of all liens and incumbrances," and that the mortgagor would " in due season pay all taxes and assessments on said premises, and exhibit once a year receipts of the proper persons to said party of the second part, showing payment thereof ;" and a power to sell on any breach of condition, and out of the proceeds, after paying all expenses, " including all moneys advanced for taxes, insurance or other liens and assessments, with the interest thereon at the rate of ten per cent per annum from the date of payment, all which advances shall be secured by this trust," to pay the principal and interest of the note to the mortgagee, and any surplus to the mortgagor.

This bill was filed February 10, 1882, after default in payment of principal and interest of the mortgage debt. The master, to whom it was referred to state the account between the parties, reported that there was due to the plaintiff the sum of $20,556.11. The defendant excepted to the master's report in two respects ; and appealed from a final decree rendered for the plaintiff in accordance with that report.

1. The defendant failed to pay the taxes assessed on the land from 1869 to 1879, and the land was sold and conveyed for non-payment of these taxes to Asahel Gage. The plaintiff's president urged the defendant to redeem the land from the tax sales, (as he might, under the Revised Statutes of Illinois, c. 120, § 210, by paying the amounts for which the land was sold, with interest at the rate of ten per cent, and certain penalties,) and told him that otherwise the plaintiff would be obliged to take steps to protect itself. The defendant promised to pay the taxes and interest, but insisted that the tax deeds were void, for want of previous notice to the tenants of Gage's purchases as required by c. 120, § 216, of the same statutes. The defendant never paid the taxes, or took any steps towards redeeming the land. After waiting two years, the plaintiff, on August 1, 1881, bought in Gage's

tax titles for the sum of $3750, which exceeded the amount of unpaid taxes and interest by the sum of $300 only, equal to a very small part of the penalties accrued. The master allowed the plaintiff this sum of $3750, with interest at the rate of ten per cent, amounting to $1809.24.

The defendant argued that the plaintiff could not be allowed for the taxes, because they had been extinguished by the tax sales and deeds; and could not recover on the tax titles, because they were void, and because equity would not enforce them.

But the plaintiff did not set up the tax deeds as a ground of suit, but only as evidence of clouds upon his title, arising out of the mortgagor's own neglect to pay the taxes. It is at least doubtful, upon the evidence, whether Gage did not give notice to the tenants of the tax sales; and there is no evidence whatever of any invalidity in the taxes, the sales or the deeds, in any other respect. In this state of things, the mortgagee was not bound to take the risk of contesting the tax titles, and the sums paid to extinguish those titles were reasonable expenses chargeable to the mortgagor by the terms of the mortgage.

2. The defendant, who is an attorney at law, claimed, by way of set-off, the sum of $2500 for professional services, and the further sum of $5000 for a general retainer by reason of the president having, as the defendant testified, said that he "wished to engage him professionally in behalf of the company with reference to fifteen or twenty cases, litigated or complicated cases, growing out of their foreclosure proceedings and claims upon property."

The master allowed the defendant the sum of $600 for professional services actually rendered, and the evidence does not satisfy us that they were worth more.

The plaintiff's claim for a retainer for services in suits to be brought in the future was rightly disallowed by the master. No express agreement to pay a retainer was proved, and an agreement to pay a retainer for services which are never performed is not to be implied.

*Decree affirmed.*