COLL ET AL. *v.* RIGO.

APPEAL from the District Court of San Juan.

No. 490.—Decided May 3, 1910.

VIOLATION OF CONTRACT FOR PROFESSIONAL SERVICES—FAILURE TO STATE DOMICILE IN COMPLAINT—JURISDICTION—PRESUMPTION.—Where in a complaint neither the domicile of the defendant nor his legal capacity is stated, such a failure does not imply that the court has no jurisdiction of the person of the defendant, because district courts are courts of general jurisdiction, and, therefore, it must be presumed that they have jurisdiction of the subject matter and of the parties, unless it otherwise clearly appears.

VOLUNTARY APPEARANCE OF DEFENDANT—JURISDICTION.—In accordance with section 98 of the Code of Civil Procedure, the voluntary appearance of a defendant is equivalent to personal service of notice upon him and delivery of a copy of the complaint, and the court will be deemed to have acquired jurisdiction of the parties from the moment of such appearance.

ID.—FAILURE TO REQUEST THAT TRIAL BE HAD IN THE PROPER DISTRICT.—According to the provisions of section 82 of the Code of Civil Procedure, when a defendant appears and fails to ask that the trial be held in the proper district, he submits to the jurisdiction of the court, in accordance with section 77 of the said Code.

CONTRACT OF HIRE OF PROFESSIONAL SERVICES—REMUNERATION FOR SERVICES NOT RENDERED.—The provisions of section 1486 of the Civil Code, amended by the Act of March 24, 1905, undoubtedly refer to professional services rendered, because services which have not been rendered cannot be governed or remunerated, and in the complaint herein, far from alleging the existence of definite professional services, it is expressly alleged that such services were not rendered by the plaintiff because the defendant failed to take advantage thereof, and therefore the section cited is not applicable to this case.

ID.—VIOLATION OF CONTRACT—INDEMNITY FOR DAMAGES.—Even where expenses are incurred in connection with professional services engaged, and such professional service is not rendered, and even supposing that a professional man should suffer damage by reason of his agreement to render service to another person who failed to take advantage thereof, by reason of the fact that he was unable to render such service to another person seeking to retain the same, indemnity for such damage is not the remuneration for professional services not rendered and which were provided for in the contract with which the client failed to comply.

ID.—PROFESSIONAL SERVICES NOT RENDERED—ATTORNEYS' FEES—RETAINER.—The Civil Code contains no provision whatever requiring the payment of attorneys' fees for services which he has not rendered, and there being no local statute upon the subject, in the absence of an express agreement between the parties, such an obligation cannot be enforced.

ID.—RETAINER—ATTORNEYS' FEES—ABSENCE OF EXPRESS CONTRACT.—Where there is no express contract for the payment of a retainer to an attorney, it cannot be presumed that there was any agreement to pay an attorney a retainer for services not rendered.

The facts are stated in the opinion.

Mr. *Eugenio Benítez Castaños* for appellants.

Mr. *Damián Monserrat* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Cay. Coll y Cuchí and José Coll y Cuchí, who constitute a professional firm under the name of Coll Cuchí Hermanos, for the practice of law and the notarial profession, filed an amended complaint in the District Court of San Juan against Antonio Rigo, whose domicile or residence is not mentioned nor his legal capacity, containing the allegations hereinafter briefly set forth:

After the plaintiff had defended one Hilario Morales, who had been accused by Antonio Rigo of the crime of embezzlement, in four cases in the municipal court of San Juan, in which cases Morales was acquitted, Rigo engaged the pro-

fessional services of the firm of Coll Cuchí Hermanos in a new action which Rigo had brought against Morales in the same court, and in an action which Morales was going to bring against Rigo in the Federal Court for malicious prosecution, the plaintiffs agreeing not to defend any other person than Rigo in both proceedings, so that they could not defend Morales therein. On the day following the acceptance of this engagement by Attorney José Coll Cuchí on behalf of the professional firm of which he is a member, an authorized agent of Morales sought to engage the services of the plaintiffs in the prosecution and action referred to, which they were unable to accept on account of the previous retention of their services by Rigo. Under these circumstances the trial of Morales was held in the municipal court of San Juan, and Morales also brought his action for malicious prosecution against Rigo, in both cases attorneys other than the plaintiffs being employed, and Rigo, without any justifiable cause and without the consent of the plaintiffs, entrusted his interests in these proceedings to attorneys other than the plaintiffs, thus failing to comply with the contract for the hire of professional services accepted by both parties. The amount of the retainer or contract for fees due the plaintiffs from the defendant is $800.

The complaint concludes with the prayer that judgment be rendered against the defendant for said sum of $800, and the costs of the proceedings.

The defendant demurred to the complaint on the ground that it does not appear therefrom that the court has jurisdiction of his person, and, also, that it did not state facts sufficient to constitute a cause of action.

The court, after having heard the allegations of the parties, both written and oral, rendered a decision on November 27 of last year sustaining the demurrers, with the costs against the plaintiffs, and ordered that said decision, being final as to the rights of the parties, be entered in the book of judgments. The plaintiffs took an appeal from said judg-

ment, which is now pending the decision of this Supreme Court, after examination of the briefs of both parties, because no oral arguments were made at the hearing.

Let us examine the grounds of the demurrer in the light of the facts alleged in the complaint.

It is true that it does not set forth the domicile or residence of the defendant nor his legal capacity; but the omission of these requisites does not imply a lack of jurisdiction of the person of the defendant, because district courts are courts of general jurisdiction and, therefore, it is to be assumed that they have jurisdiction of the matter and of the parties unless the contrary shall clearly appear. (*Galpin* v. *Page*, 85 U. S., 350; *Doll* v. *Teller*, 16 Cal., 432.)

Furthermore, section 98 of the Code of Civil Procedure prescribes that from the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication, when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties and to have control of all the subsequent proceedings, the voluntary appearance of a defendant being equivalent to personal service upon him of the summons and a copy of the complaint.

This does not prevent the defendant, where the district in which the action is commenced is not the proper district for the trial thereof, from demanding that the trial be had in the proper district, in accordance with the provisions of section 82 of the said Code.

This has not been done in this case and, therefore, the defendant became subject to the jurisdiction of the court, according to section 77 of the Code.

But the judgment is sustained on the ground that the facts do not constitute a cause of action, which is the second ground of the demurrer alleged by the defendant.

Let us see.

Section 1486 of the Civil Code of Porto Rico, as amended by section 5 of the Act approved February 24, 1906, reads as follows:

"Section 1486.—The services of servants and laborers may be contracted for a fixed period of time, or without a fixed period. A hiring for life shall be void. Professional services, as regards the remuneration therefor, shall be subject to the agreement of the parties; and where there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction."

The section transcribed undoubtedly refers to professional services rendered, as services which have had no existence cannot be remunerated or regulated; and in the complaint, far from alleging the existence of real and specific professional services, it is expressly alleged that they were not rendered by the plaintiffs, for the reason that the defendant did not use them.

It is true that the amount of the fees is fixed in the complaint at $800; but such amount was not agreed on between the parties, but fixed only by the plaintiffs.

Therefore, the legal provisions cited are not applicable to this case.

Although it may be possible that some expense may be incurred when professional services are retained without such services being rendered, the complaint neither contains any allegation whatsoever in regard to the matter, nor has remuneration for such expenses been asked. It might also occur that a practitioner would suffer loss where he agrees to render his services to another person who does not utilize them if the attorney refuses to render his services to another person who seeks to retain them owing to such agreement; but the indemnity for such loss is not the remuneration for professional services which it is sought to recover in the complaint under the title of recovery of fees.

We have looked in vain in the Civil Code for any provision which requires the payment of fees to an attorney for services which he has not furnished, which obligation is the only point to be discussed in this case, in view of the terms in which the question is raised in the complaint; and, in the absence of a local statute on the subject, we must reach the conclusion that such obligation is not demandable, because the law neither imposes it nor was it stipulated by the parties. The foregoing conclusion is authorized by the Supreme Court of the United States in holding in the case of *Windett* v. *Union Co.,* 144 U. S., 581, that, when there is no express contract for the payment of a retainer to an attorney, it cannot be presumed that an agreement was made to pay an attorney for services which have never been furnished.

For the reasons stated, we are of the opinion that the judgment appealed from should be affirmed on the ground that the facts stated in the complaint do not constitute a cause of action.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.