## SEBASTIAN STATE BANK *v.* HOLLAND.

### Opinion delivered June 18, 1917.

1. BANKS AND BANKING—EMPLOYMENT OF ATTORNEY.—A bank is responsible on a contract of employment of an attorney by the year through its officers, if ratified by its directors; the president's and cashier's authority to employ may be implied from the course of the conduct of the bank's affairs.

2. ATTORNEY'S FEES—RIGHT TO—AMOUNT.—Appellee performed certain services for appellant as its attorney in the conduct of certain litigation. *Held*, under the evidence that appellee was entitled to a fee of $100 for such services.

Appeal from Sebastian Circuit Court, Fort Smith District; *John H. Vaughan*, Special Judge; affirmed.

*Geo. W. Johnson*, for appellant.

1. The cashier had no authority to retain Judge Holland as attorney by the year, and the board of directors never authorized nor ratified the appointment. 118 Ark. 157.

2. The cross-complaint is barred by the three-years' statute of limitation. An attorney's right of action ac-

crues when the suit in which he is employed is terminated; usually when reduced to judgment. Kirby's Digest, § 4487; 39 Ark. 50; 65 *Id.* 159; 6 Corpus Juris, 655; 27 Ark. 343; 91 *Id.* 162.

3. Where an attorney is personally interested in a case, as a party, he can not charge a fee for services performed. 6 Corp. Jur. 729-732 and 748.

*Geo. W. Dodd,* for appellees.

1. The board of directors knew of the appointment of Holland and of the contract. The cashier was a director and managing agent of the bank, and it was the custom of the bank for the cashier to employ the attorney. The bank accepted his services. In small towns the cashier runs the bank. He is the agent of the bank. 5 Cyc. 470-472. Corporations are bound by *ultra vires* contracts after they are executed. 91 Ark. 367; 96 *Id.* 308; 96 *Id.* 594.

2. The claim is not barred. The statute did not commence to run until the Hughes case was disposed of in the chancery court, and that was within the three years.

HUMPHREYS, J. Appellant, as assignee of the Sebastian County Bank, instituted this suit against appellees on the 3d day of September, 1915, in the circuit court of the Fort Smith District of Sebastian County, upon a judgment obtained by the Sebastian County Bank against appellees for $137.00 before C. R. Tate, a justice of the peace in Sebastian County, on the 15th day of June, 1910.

Appellee Holland filed answer, pleading payment, and a cross-bill claiming $413 for legal services rendered the Sebastian County Bank before appellant took over its assets and assumed its liabilities.

Appellant filed a reply, denying payment and liability on cross-bill, and invoked the three years' statute of limitations as a special defense to appellee's claim on account of legal services.

The cause was tried by the court sitting as a jury, on the pleadings and evidence adduced, upon which it based its findings of fact and law adverse to appellant.

The original suit was dismissed and judgment rendered on the cross-bill in favor of John H. Holland for $100.00.

From this judgment an appeal has been properly prosecuted to this court.

It is insisted that the evidence is not sufficient to support the finding of the court to the effect that the Sebastian County Bank employed John H. Holland by the year, upon agreement that his yearly retainer of $50.00 per year and special fees should be credited upon any indebtedness that John H. Holland might become obligated to pay said bank, directly or by indorsement on notes for others, during his employment. The finding of the court will not be disturbed on appeal if there is any substantial legal evidence to support it. The evidence shows that R. O. Herbert, cashier of the bank, employed Holland in the year 1909 as regular attorney for the bank at an annual retainer of $50 per year, with the understanding that he should receive a reasonable fee, in addition thereto, for each case in which he represented the bank; and that his annual retainer and other fees should be credited on any indebtedness that Holland might incur to the bank during his employment. This arrangement continued until the 1st day of August, 1912, when Holland moved to Fort Smith from Greenwood. The relationship of general attorney then ceased, but under an agreement that Holland should remain in all cases then pending.

(1) The records of the bank fail to show that the directors authorized the cashier to employ Mr. Holland, and for this reason, it is insisted that the evidence is insufficient to support the court's finding. Appellant has cited the case of *Dent* v. *Peoples Bank of Imboden,* 118 Ark. 157, in support of its contention that an officer of the bank can not employ an attorney by the year without authority from the board of directors. The court so

held in that case. But the same case is also authority that a bank is responsible on a contract of employment of an attorney by the year through its officers, if ratified by its directors; and also authority for the doctrine that the president's and cashier's authority to employ may be implied from the course of the conduct of the bank's affairs. There is ample in the evidence relating to the conduct of the bank's affairs from which to reasonably infer that the directors not only knew that Mr. Holland had been employed by the year, but to infer that they ratified the employment by the cashier. The finding of the court in this regard is supported by the evidence. Under the contract, the court was correct in treating the amounts due Holland for annual retainers as payments upon his indebtedness to the Sebastian County Bank. The amounts due as retainers more than liquidated the judgment upon which this suit is based.

It is insisted that reversible error was committed by the court in finding that appellant was indebted to appellee in the sum of $100 as a fee for services rendered in the case of *Sebastian County Bank* v. *T. J. Hughes* and the subsequent proceedings growing out of it, wherein Celia Hughes attempted to prevent the sale of property levied upon to satisfy the original judgment. Holland brought suit for the bank and obtained judgment against Hughes in the month of January, 1912, for $2,000. He raised an execution and levied upon real estate supposed to be the property of T. J. Hughes. Celia Hughes, claiming to be the owner thereof, instituted proceedings by injunction to prevent the sale. Holland filed answer to the injunction proceedings. The injunction was dissolved by the chancery court on the 17th day of February, 1914. The decree dissolving the injunction was attacked by motion and bill of review. At the April terms, 1914, of the chancery court, the motion was overruled and a demurrer sustained to the bill of review. The case found its way to the Supreme Court, where it was decided on the 12th day of April, 1915, adversely to Celia Hughes.

(2)   The evidence is undisputed that Holland conducted the proceedings in behalf of the bank until the hearing before the chancellor on the 17th day of February, 1914, and that he was present on that date.  At that time, Geo. W. Johnson had been retained by the Sebastian County Bank as its regular attorney and became active in the Hughes case.  The evidence is conflicting as to the extent of Holland's participation in the proceedings from February 17, 1914, to the 18th day of January, 1915, when the transcript was lodged in the Supreme court.  He took no part in the proceedings in the Supreme Court.  There is ample in the evidence to support the finding of the trial court to the effect that Holland rendered legal services to the bank in the Hughes cases to the amount of $100 within the statutory period of limitations, and therefore his claim is not barred.  We have read the evidence carefully and can not follow learned counsel in his contention that Holland abandoned the Hughes case.  The most that can be said is that by common consent the active control of the proceedings was assumed by the regular attorney of the bank.  At the time the case was appealed to the Supreme Court, it may be said that Holland's connection had been effectually severed, but by assent and acquiescence and not by abandonment.  When the entire control of the case passed to Mr. Johnson, the regular attorney for the bank, Holland's fee matured and his right of action therefore accrued within three years next before he filed his cross-bill.

No error appearing in the findings of fact and declarations of the law by the court, the judgment is affirmed.