WHITE & BLACK RIVERS BRIDGE COMPANY *v.* VAUGHAN.

Opinion delivered March 16, 1931.

454

*Cooper Thweatt* and *Chas. B. Thweatt,* for appellant.

*S. Brundidge,* for appellee.

HART, C. J., (after stating the facts). It is first insisted by counsel for the defendant that there is no basis for the allowance of the $1,000 attorney's fee, which must have entered into the verdict of the jury. The verdict of the jury was for $2,750 for the plaintiff on his complaint, and it was adjudged that this amount should bear interest at six per cent. from the 8th of June, which was fixed

by the court as the date of the termination of the plaintiff's employment. It is insisted by counsel for the defendant that the only basis of allowance of the $1,000 item was the testimony of Vaughan to the effect that it is claimed "for value of my interest in Des Arc Bridge Company, taken over under promise to compensate me by attorney's fees." It is insisted that on the trial of the case Vaughan's attorney called this a retainer fee, and that this is the only basis of sustaining it as a part of the claim of Vaughan against the defendant. In making this contention, counsel for the defendant invoke the rule laid down in *Windett* v. *Union Mutual Life Insurance Co.*, 144 U. S. 581, 12 S. Ct. 751, in which the court said that an agreement to pay a retainer for services which are never performed is not to be implied. In that case there was no express agreement to pay a retainer. We do not think that the question as to whether an implied agreement may be made to pay a retaining fee arises in this case. According to the testimony of Vaughan, when he sold his interest in the bridge at Des Arc, it was understood that the defendant was to employ him as its attorney, but no stated amount was agreed on between them.

As said by Judge COOLEY, in *Detroit* v. *Whittemore*, 27 Mich. 281, the employment of counsel does not differ in its incidents, or in the rules which govern it, from the employment of an agent in any other capacity or business. This rule has been recognized and applied in numerous cases in this court where it has been expressly recognized that, in the absence of an agreement for a stated amount, the attorney might recover upon a *quantum meruit* for services performed. The rule is so well settled that we need only cite the following cases: *Sebastian State Bank* v. *Holland,* 130 Ark. 59, 196 S. W. 482; *Valley Oil Co.* v. *Ready,* 131 Ark. 531, 199 S. W. 915; and *Bayou Meto Drainage District* v. *Chapline,* 143 Ark. 446, 220 S. W. 807.

In the application of this rule to the facts testified to by Vaughan, it will be seen that his contract for attor-

ney's fees was an express contract and not an implied agreement. He testified positively that they agreed to employ him as attorney in January, 1927, but that no stated amount was agreed upon. He continued in their employment for something over a year, and it was only when he presented an itemized account for his services that there was any dispute about the $1,000 item claimed by him or about any other item. It is true that his testimony is flatly contradicted by that of Bovay and Mills, but the jury were the judges of the credibility of the witnesses, and this court upon appeal cannot disturb the verdict when there is any evidence of a substantial character to support it.

Again it is insisted that the jury must have included the $450 item of office rent, stationery, stenographer, etc., when there was no substantial evidence to support it. Here again we are met with a conflict in the testimony which has been settled adversely to the contention of counsel for the defendant. If the testimony of Vaughan is to be believed, he was to furnish and did furnish an office, stenographer and stationery for the defendant during the time he was employed by it and such services were necessary. Therefore it cannot be said that there is no substantial evidence for this item. We do not know what items the jury allowed and what items were disallowed by it. The verdict shows that they cut the total claim of Vaughan nearly $1,000. This was within the peculiar province of the jury. The testimony of Vaughan, being that of a substantive character, we cannot consider upon appeal what items might have been allowed or disallowed by the jury. We can only consider whether the evidence as a whole would warrant the jury in returning its verdict in the amount stated above in favor of Vaughan.

In this connection, it may be stated that three attorneys testified that the fee claimed by Vaughan was a fair and reasonable one.

It is next insisted that the court erred in allowing Vaughan interest on the amount of the verdict from the 8th day of June, 1928, instead of the date of the judgment. In making this contention, reliance is placed upon the case of *Meek* v. *Christian,* 168 Ark. 313, 270 S. W. 614, where it was held that, in an action on a *quantum meruit* for the value of the engineer's services in making a preliminary survey for an improvement district which never became effective, it was error to allow interest on the certificates of indebtedness issued to him from the time of their issuance, but that interest should only have been allowed from the date of the judgment. In that case the record did not show that the commissioners and Christian ever took up the matter of settling his compensation upon a *quantum meruit* basis. He claimed that he was entitled to two per cent. under his contract, and the court held that the contract was not valid and binding on the defendant because the contemplated improvement was never constructed. If he had made a demand for services upon a *quantum meruit* basis, the holding would have been different. The reason is that he should have been paid for whatever the value of his services was then; and, as the district refused to pay him, interest would have been allowed. In effect, there was no demand for the value of services upon a *quantum meruit* basis until the judgment in the case was rendered.

Here Vaughan only claimed judgment upon a *quantum meruit* basis. He did not claim any contract, nor any stated amount for legal services was made with him. In *Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.,* 245 N. Y. 1, 156 N. E. 76, 52 A. L. R. 193, it was held that a claim for legal services resulting on *quantum meruit* draws interest to be computed from the date of the demand. It was further held that a demand for compensation for legal services on *quantum meruit* greatly in excess of the amount determined to be due does not prevent the adding of interest to the award. The opinion in that case is very comprehensive, and in a case note on page

197 of 52 A. L. R., it is stated as a general rule that interest on a claim for legal services is recoverable from the time it becomes due and payable, and that this is the time when the demand for payment is made.

In *Spalding* v. *Mason,* 161 U. S. 375, 16 S. Ct. 592, Mr. Justice WHITE, speaking for the court, said that interest is allowed both in law and in equity upon money due. Continuing, he quoted with approval from *Curtis* v. *Innerarity,* 6 How. 146, as follows:

"It is a dictate of natural justice, and the law of every civilized country, that a man is bound in equity, not only to perform his engagements, but also to repair all the damages that accrue naturally from their breech. * * * Every one who contracts to pay money on a certain day knows that, if he fails to fulfill his contract, he must pay the established rate of interest as damages for his nonperformance. Hence it may correctly be said that such is the implied contract of the parties."

Again in *Miller* v. *Robertson,* 266 U. S. 243, 45 S. Ct. 73, the court said that one who has had the use of money owing to another may justly be required to pay interest from the time it lawfully should have been paid.

The record in this case shows that interest was only allowed from the 8th day of June, 1928, and that Vaughan made the demand for the payment of his services, accompanied by an itemized list of his services and expenses, on the 31st day of May, 1928, and that payment of the same had been refused by the defendant. The demand was made upon a *quantum meruit* basis, and, under the principles of law in the cases above cited, the court properly allowed interest on his claim. See also *Rogers* v. *Atkinson,* 152 Ark. 167, 237 S. W. 679.

On the cross-complaint, the court told the jury that the burden of proof was upon the defendant because Bovay had transferred his interest in the claim to the bridge company. There was no error in this respect. It is true that in *Norfleet* v. *Stewart,* 180 Ark. 161, 20 S. W. (2d) 868, and cases cited, this court is committed to the

rule that, in all transactions between attorney and client, the burden is on the attorney to show that no advantage was taken of the client and that he gave him all the information and advice about the matter that was necessary to enable the client to act understandingly. That principle of law has been recognized and applied by this court in various cases, but it has no application here for two reasons. In the first place, it is alleged in the cross-complaint that Bovay had transferred his interest in the subject-matter of the cross-complaint to the defendant bridge company. The cross-complaint was filed by the bridge company, and, in addition, it introduced Bovay as a witness on this point. Bovay testified in positive terms that he had transferred his interest by written transfer to the bridge company, and that any money recovered on the cross-complaint should be paid to the treasurer of that company. The transaction complained of was made between Bovay and Mills on the one hand and Vaughan and House on the other. Hence no relation of attorney and client existed between the bridge company and Vaughan. In the second place, it may be stated that the undisputed evidence in the case shows that Bovay knew as much or more about the transaction as Vaughan. No attempt was made by Vaughan to conceal anything about the transaction. Bovay acted with a full and complete understanding of the whole matter and in his own interest.

The case was fully and fairly submitted to the jury under the principles of law above declared. We find no reversible error in the record, and the judgment must be affirmed.