REEHL et al. v. MARTENS et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

CONDITIONAL PAYMENT—DEFENSE—SURRENDER OF SECURITIES.

A creditor suing on the debt after he has received a note of a third person as a conditional payment thereof must produce the note, or assign a good reason in law for its nonproduction, before he can recover on the original consideration.

Appeal from trial term, Westchester county.

Action by Daniel Reehl and another against William H. Martens and others, executors and trustees under the will of Gerd Martens, deceased. From a judgment for plaintiffs and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ. ·

Terry Smith, for appellants.

Robert McC. Robinson, for respondents.

WILLARD BARTLETT, J. This action was brought to recover a balance of $1,000 alleged to be due to the plaintiffs upon a contract between them and the defendants' testator. The defense was payment, and the sole question litigated upon the trial was whether the balance conceded to be due under the contract had not been paid by the delivery to the plaintiffs of the promissory note of a third party. The note in question was not produced or put in evidence; but the proof indicates that it was a note of the D. G. Burton Company to the order of E. K. Kane for $1,000, dated June 6, 1893, and payable three months after date, and that it bore the indorsement of the payee named therein. On or about the 16th of October, 1893, and therefore after it was past due, this note was delivered by the defendant William H. Martens to Charles Reehl, one of the plaintiffs. Mr. Martens said that the plaintiffs then told him that they would take the note in payment of the balance due, and they gave him at that time a receipt in full for all demands

under the contract. Mr. Charles Reehl, on the other hand, swore that they took the note only as a conditional payment. There is nothing in the record to indicate precisely what the condition was to which he thus referred. The contention of the defendants was that the plaintiffs were indebted to the D. G. Burton Company in an amount somewhat in excess of $1,000, and that with the note, which was made by the D. G. Burton Company itself, they were enabled to discharge the greater part of their obligation to that corporation. According to the plaintiffs, however, their effort to make use of the note in that way proved ineffectual, and they derived no benefit whatever from the instrument. There was a direct conflict of proof as to whether the note had been accepted in payment of the balance due upon the contract between the plaintiffs and the defendants' testator, and this question was very fairly submitted to the jury in a charge to which no exception was taken. The jury rendered a verdict in favor of the plaintiffs, thus finding that they had not taken the note in payment of their claim; and with this determination there would be no occasion to interfere were it not for the failure of the plaintiffs to produce the note upon the trial, or satisfactorily account for its nonproduction.

The testimony as to what has become of the note is very meager; but it appears to have been turned over, shortly after it was received by the plaintiffs, to a man named Thomas F. French, a person in the employ of John Duffy, the sheriff of Westchester county, who at that time was in possession of the office of the D. G. Burton Company, under the authority of certain warrants of attachment. What French did with the note is not disclosed. Mr. Charles Reehl testified that he never saw it after it was delivered to French on October 16, 1893, and Mr. Daniel Reehl, the other plaintiff, testified that he never had the note in his possession after that date. "The taking a note, either of a debtor or of a third person, for a precedent debt, is no payment, unless it be expressly agreed to take the note as payment and to run the risk of its being paid, or unless the creditor parts with the note or is guilty of laches in not presenting it for payment." Elwood v. Deifendorf, 5 Barb. 398, 408. In a suit on a debt, however, it is a good plea that a note made by a third person was given by the defendant to the plaintiff and was accepted by him in payment of the debt. To destroy the effect of this plea the plaintiff may show, if he can, that he did not in fact accept the note in payment; but even then, if he took the note upon a condition which has not been fulfilled, and which therefore rendered it ineffectual to discharge the original obligation, he must produce the instrument upon the trial, or give a sufficient reason for not producing it, before he can be allowed to recover the amount of his debt. Holmes v. De Camp, 1 Johns. 35. "As I understand that case," said Spencer, J., in Burdick v. Green, 15 Johns. 247, "we adopted this rule, that, when it appeared that a negotiable note had been given for a prior debt, we would not suffer the plaintiff to recover on the original consideration, unless he showed the note to have been lost, or produced and canceled it at the trial."

Under the circumstances of the present case, therefore, it would seem to be essential to the plaintiffs to produce the note which, according to their own account, they took from the defendants as a conditional payment upon their contract, or assign a good reason in law for its nonproduction, before they can maintain an action to recover upon the original consideration arising out of their contract. This they may be able to do upon another trial, when all the facts relating to the disposition of the note can be more fully presented.

I think we must reverse this judgment.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.