MT. NEBO ANTHRACITE COAL COMPANY v. MARTIN.

Opinion delivered June 15, 1908.

1.  PARTIES—HUSBAND AND WIFE.—It was not error to join a husband and wife as joint plaintiffs in a suit by them to recover salaries due to each of them separately. (Page 612.)

2.  CORPORATION—DISSOLUTION—PARTIES.—In a suit to wind up the affairs of a corporation, every person interested as owner of stock or creditor of the concern is a proper party. (Page 612.)

3.  SAME—RIGHTS OF DIRECTORS TO RECOVER FOR SERVICES.—When a director of a corporation acts as manager of the corporation or in any other capacity outside of his duties as director, he is entitled to receive a salary, either by contract or upon *quantum meruit*, according to the circumstances of the case. (Page 613.)

4. APPEAL—QUESTION NOT RAISED BELOW.—The defense of the statute of limitations cannot be raised on appeal if the record fails to show that any such defense was made in the court below. (Page 613.)

5. COSTS—PRACTICE IN EQUITY.—The giving of costs in equity is within the discretion of the chancellor, to be exercised upon a full consideration of all the circumstances of the case and the situation of the parties, and the appellate courts are slow to disturb his award of the costs when he has exercised that discretion. (Page 613.)

Appeal from Pope Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*J. A. McCracken* and *Dan B. Granger,* for appellants.

1. The motion to strike out the amendment to the complaint should have been sustained. Except by consent of parties, pleadings cannot be amended by introduction of new parties or causes of action. 98 N. C. 509; 30 W. Va. 774; 20 Pac. 45; 16 S. W. 124; 13 S. W. 922; 58 N. W. 693; 17 S. E. 1036. Amendment of complaint to conform to facts proved is properly denied when it will permit a recovery upon an entirely different cause of action from that originally set forth in the complaint. 132 N. Y. 22; 13 S. W. (Ark.) 769; 10 So. 328.

2. There is a misjoinder, both of plaintiffs and causes of action. The account introduced by the amendment was for services rendered by the plaintiffs separately. The wife had no right of recovery for the separate services of the husband, and he was not a necessary party, and had no right to the recovery for the wife's separate services. Kirby's Dig. § 5214. See also 43 Fed. 358; 38 W. Va. 409.

3. As to partnerships, it is settled that partners are not entitled to charge the partnership for services rendered in the prosecution of its business, unless by agreement. Lindl. on Partnership, Am. Ed. * 380, 643-44, and note 4; George on Partnership, 165 *et seq.*; 6 L. R. A. 72 and note. See also 128 Ill. 209; 129 Pa. 635; 67 Miss. 462. And as to corporations it is also settled that directors are not entitled to salary unless provided for by charter or by-law, and that a director cannot make a valid contract with himself so as to bind the corporation for services outside of his duty as a director. 3 L. R. A., 378 note. Clark on Corp. 508 *et seq.,* 531 *et seq.* See also 9 L. R. A. 117; 17 Am. & Eng. Enc. of L., 1st Ed., 119.

*J. T. Bullock* and *R. B. Wilson,* for appellees.

1. The amendment was both permissible and proper. It did not change the character of the action, affected no other parties but affected all parties to the suit alike. Kirby's Dig. § 6145; *Id.* § 6848; 80 Ark. 228; 42 Ark. 57; 64 Ark. 253; 67 Ark. 142; 74 Ark. 101; 62 Ark. 262.

The wife *may* claim and sue for her earnings as her sole and separate property. Kirby's Dig. § 5214. But when she does not elect so to, do, but allows them to be used by the husband as his funds or to be used as a part of a common fund, then the common law rule applies, and the husband is entitled to sue for and recover them. 74 N. Y. 356. Where husband and wife bring an action jointly which should be brought by the husband alone, the proceedings may be amended by striking out the wife's name. 8 Ind. 341. An improper joinder of wife with husband is no ground of reversal. 84 Mo. 318; 128 Mo. 670; 51 Mo. App. 341; 120 Pa. St. 485; 21 Cyc. 1553.

HILL, C. J. Edward J. Martin discovered that a coal mine near Russellville could be purchased at a profit, and interested some of his relations, Frank Hoblit, Charles E., Samuel H. and Clinton D. Martin, the latter three being brothers, in the venture. The mine was purchased, and E. J. Martin placed in charge of it as manager; and part of the time Clinton Martin assisted him. Mrs. Minnie C. Martin served as clerk in the company's store.

This partnership was merged into a corporation, under the name of the Mt. Nebo Anthracite Coal Company. The property of the coal company was subsequently sold to William Hay and his associates, who were to form a corporation under the laws of Michigan to carry on the mining business purchased from the Mt. Nebo Anthracite Coal Company. The purchase price was partly in cash and partly in stock in the new corporation, which was styled the Russellville Anthracite Coal Mining Company, and was to be apportioned among the stockholders of the former corporation in proportion to their holdings. The sale was made, and the new corporation formed, and a disagreement arose between the parties as to the settlement of their respective interests, and E. J. Martin and Minnie C. Martin, his wife, brought suit in the Pope Chancery Court against the Mt. Nebo Anthracite Coal Company, Frank Hoblit, Samuel H. Martin, Charles

E. Martin, Clinton D. Martin, the Russellville Anthracite Coal Mining Company, and William Hay, wherein the history of the transactions was set forth and their respective claims against the Mt. Nebo Anthracite Coal Company were sought to be enforced. The prayer was for the dissolution of the Mt. Nebo Anthracite Coal Company and a settlement of its affairs and the payment of the sums owing to plaintiffs and distributing the remaining assets among the stockholders; and that the Russellville Anthracite Coal Mining Company and William Hay be restrained and enjoined from delivering the stock to Clinton B. Martin which was to be part payment for said property of the Mt. Nebo Anthracite Coal Company, and that it be held by the court so as to be subjected to the satisfaction of the judgment sought in this case. Issue was made upon all the allegations of the complaint, and there were amendments and a shifting of issues in the case in the progress of the litigation, which finally resulted in a decree finding that E. J. Martin was entitled to salary from the Mt. Nebo Anthracite Coal Company from the first of October, 1899, to the 15th of December, 1904, at the rate of $100 per month; and that said Minnie C. Martin was entitled to salary for forty months at the rate of $40 per month; and that said Company was indebted to the said plaintiffs in the sum of $4,778 on account of said salaries, which was shown in detail in the master's report, which was approved by the court. Judgment was rendered in favor of E. J. Martin for himself and his wife for said sum, and orders made for the enforcement of it against the assets of said Mt. Nebo Anthracite Coal Company, including the stock in the Russellville Anthracite Coal Mining Company which was to be part payment of the purchase price of the former corporation, and the defendants appealed.

There is abstracted only the testimony relating to the issue of the salaries of Martin and his wife; and a sharp conflict of evidence is found. It was contended by C. D. Martin and his side of the controversy that the agreement was that E. J. Martin was to have his expenses and one-fourth interest in the mining venture as his compensation, and that, while it was known that Minnie C. Martin was working at the store it was not known that she was working for a salary; and that E. J. Martin had told him that she was helping him, and he was paying her

something alone, but said nothing of a salary, and it was understood that she was working to help her husband make a good showing in the business.

On the other hand, E. J. Martin testifies to an agreement that he and Clint Martin were to have salaries at the rate of $100 per month, and that this was regularly charged on the books—first of the partnership and afterwards of the corporation—and that his wife was employed as clerk in the store with the knowledge and acquiescence of the others, and her salary charged on the books; and these books were open to the other side and frequently examined by them. While the number of witnesses is against this version of the transaction, yet there is some corroboration of it by witnesses, and the books strongly corroborate it; and the chancellor has accepted it as true, and it cannot be said that it is against the preponderance.

Objection is made to the amendments to the complaint and the shifting of the causes of action; but the court is unable to see that there was any abuse of discretion in this regard, or that any rights were prejudiced thereby.

It is insisted that there was a misjoinder of parties, in having husband and wife as joint plaintiffs for the recovery of separate salaries. The chancellor evidently regarded it so, as he caused the complaint to stand amended so as to claim on behalf of E. J. Martin to recover for his own salary and also in behalf of his wife, and the judgment was rendered accordingly.

It is sought to sustain this action upon the theory that when the wife does not elect to sue for her separate earnings under the statute giving that right to her, the common-law rule permitting the husband to sue, and recover for them prevails. It is unnecessary to go into this question, because this was a suit to wind up the affairs of a corporation which had gone out of business, to dispose of its assets and distribute the proceeds among the holders of the stock. "Every person interested as owner of stock or creditor of the concern was a proper party, and should have been admitted to assert any rights." *Randolph* v. *Nichol*, 74 Ark. 93. Mr. Martin and Mrs. Martin were each creditors of the corporation, and were each a proper party to the suit to assert their respective and separate rights; and there was no misjoinder of them, and no reason why separate judg-

ments should not have been rendered in favor of each of them separately. The only party who could complain is Mrs. Martin, but she was a party to the suit, and permitted her rights to be asserted in the name of her husband, and is here asking an affirmance of the judgment in his favor for her salary. She has elected to treat the suit as his for the joint benefit of himself and herself, and this election is binding on her, and will make her husband's satisfaction of the judgment her satisfaction of it.

The court disallowed the claim for salary during the existence of the partnership, on the theory that E. J. Martin had not proved a contract that would be binding upon the partnership; but allowed salary for the time that the corporation existed. Authorities are cited to show that directors are not entitled to salaries as such; but these same authorities show that when a director is acting as a manager or in any other capacity outside of his duties as director he is entitled to receive a salary, either by contract or upon *quantum meruit,* according to the circumstances of the case.

The decree is affirmed.

## ON REHEARING.

### Opinion delivered July 13, 1908.

HILL, C. J. Counsel re-argue the facts, but the court fails to find the weight of the evidence against the chancellor's finding. Counsel now insist that the recovery of the salary of Mrs. Martin was barred by the statute of limitations. The record discloses that the statute of limitations, was not pleaded as a defense. The only reference to it is in appellant's brief, where they say that the court erred in not sustaining the oral plea of the statute of limitations. The record discloses no plea, oral or written, of the statute of limitations.

Motion denied.

## ON MOTION TO RETAX COSTS.

### Opinion delivered September 28, 1908.

HILL, C. J. I. Appellants ask that the costs be retaxed and the decree modified, in so far as the claim of Mrs. Minnie

C. Martin is concerned. The giving of costs in equity is within the discretion of the chancellor, to be. exercised upon a full consideration of all the circumstances of the case and the situation of the parties, and appellate courts are slow to disturb his award of the costs when he has exercised that discretion. *Williams* v. *Buchanan, ante* p. 259; *Temple* v. *Lawson,* 19 Ark. 248; *State* v. *Fort,* 18 Ark. 202; *Jones* v. *Graham,* 36 Ark. 383.

The chancellor adjudged that all of the costs of the suit, including the fees of the master, be paid from cash in the bank belonging to the defendant corporation. There is nothing in the circumstances of this case which would call for a reversal of this award of the costs.

The opinion heretofore delivered announced that this decree was affirmed, but the clerk made a mistake in writing up the judgment of affirmance, making it a recovery from the appellants of all the costs in the chancery court as well as in this court, and this mistake was not detected by the court when the record was approved. Attention has been called to it by this motion, and the order will be that the judgment be corrected so as to affirm the decision of the chancellor in this respect, and the judgment for costs against the appellants be for the costs of this court only, the costs of the chancery court to be paid as provided in the order of that court, which was not intended to be disturbed.

II. Appellants point out that the statute of limitations was pleaded against the claim of Mrs. Martin, and show that in the final decree of the chancellor, after some other motions had been disposed of, the coal company "interposed the plea of the statute of limitations against plaintiff's claim for salary, and the court doth find that said claim is not barred by limitation." When this question was raised on rehearing, the pleadings were searched in order to find wherein the statute of limitations was pleaded, and the court orders were searched in order to find if the court had accepted an oral plea, as contended by counsel; and, none being found at these places, where it should have been, the statement was made in the opinion overruling the motion for rehearing that the record did not contain such plea. But this was a mistake, as it is found in the final decree; and attention was called to it in the original brief.

It is doubtful whether it is proper for the court to consider the plea of limitations raised orally when the final decree was being rendered as properly raising that issue, even though the chancellor ruled upon it; but as the facts require an overruling of the plea upon the merits, it is not necessary to go into this question of practice.

The record shows that it was the joint account of Mr. and Mrs. Martin that was sued on. It contained items of debit and credit between them and the coal company running over a number of years, and contained items of debit and credit as late as December, 1904 (this suit was brought in 1905). Some of these credits were for salary of Mr. Martin and some for salary of Mrs. Martin. It is insisted that the last item of Mrs. Martin's salary is August 1, 1902. The plea of limitation is to the joint account of the two, and did not in any way separate the two claims. If the claims were separated, and the plea interposed to the separate claim of Mrs. Martin, the result is the same. The record shows that the court submitted to a master the duty of stating the account of Mr. and Mrs. Martin with the coal company. The fifth item of the master's statement is as follows: "I find in the account that Mrs. Minnie C. Martin has taken credit January 25, 1904, for $250. The defendants admit there is no contest over this item." Exceptions were filed to this account on other matters by both parties, and, in accordance with the instructions from the chancellor, the account was recast; but there was no change upon this item, as it appears in the restated account. "January 25, 1904, by cash Mrs. Minnie C. Martin, $250." This was evidently payment on the account.

From these facts the court concludes that Mrs. Martin's salary was not barred when this action was begun. The order is that the judgment be corrected so as to conform to the opinion; and in other respects the motion for retaxation of costs and modification of the decree is overruled.