SOUTHERN SURETY COMPANY v. BARHAM.

Opinion delivered March 25, 1918.

1. INSURANCE—ACCIDENT POLICY—REPRESENTATIONS.—In an application for a policy of accident insurance, statements made by the applicant, *held* to constitute representations and not warranties, and that the finding of the jury, that the representations were not false, would not be disturbed.

2. INSURANCE—ACCIDENT POLICY—INTEREST.—An accident policy provided for the addition of interest, running from the date of the proofs of loss. In an action on the policy a verdict was returned for the plaintiff. *Held*, it was proper for the court, in rendering judgment on the verdict, to add interest.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; affirmed.

*Buzbee, Pugh & Harrison,* for appellant.
*McRae & Tompkins* and *E. V. Mitchell,* of counsel.

1. The policy is void because of untrue statements made in the application which formed a part of the contract, whether warranties or representations. 105 Ark. 105; 58 *Id.* 532; 121 *Id.* 188; 19 L. R. A. (N. S.) 93.

2. Appellant did not waive and is not estopped from declaring the policy void. 56 Ark. Law Rep. 466; 241 U. S. 623; 14 L. R. A. (N. S.) 280-4; 125 N. W. 660; 132 *Id.* 1067. See also, 62 Ark. 47-50.; 120 *Id.* 608.

3. Murrah had no authority to bind the company. 56 Ark. Law Rep. 463; 76 Ark. 331; 81 *Id.* 202; 54 *Id.* 75.

4. The injury was not accidental. The physical facts refute plaintiff's claim.

5. The judgment for interest on an unliquidated claim was erroneous. 86 Ark. 608; 92 *Id.* 387; 93 *Id.* 548.

*J. O. A. Bush* and *Horace E. Rouse,* for appellee.

1. Murrah was agent of appellant. 51 S. W. 617; 11 Ky. Law Rep. 288; 53 Ark. 222.

2. The statements were mere representations and not warranties. 98 Mass. 381; 23 N. E. 500; 89 Ark. 471.

3. The statements were not material. The jury so found. 65 Ark. 581. There was no fraud. 173 S. W. 417; Ann. Cases, 1917 C.

4. The alleged misrepresentations were questions for the jury. 173 S. W. 417; 86 N. E. 106; 1 C. J. 509-510, § 338; 88 N. E. 658; 39 L. R. A. 830; 111 Ark. 564; 129 Ark. 450.

5. The knowledge of the soliciting agent constituted a waiver. 88 Ark. 555; 79 *Id.* 315; 29 *Id.* 99; 71 *Id.* 295; 111 *Id.* 443; 129 Ark. 450; 81 Ark. 511.

6. Interest was properly allowed. 63 Ark. 204; 58 *Id.* 282; 46 *Id.* 95; 36 *Id.* 363; 98 *Id.* 520.

McCULLOCH, C. J. Appellant issued to appellee a policy of accident insurance, and this is an action instituted by appellee on the policy to recover the sum specified for certain accidental injuries. A trial of the cause before a jury resulted in a verdict in appellee's favor.

Appellant defended on the ground of false statements made in the application for insurance which formed a part of the contract. The policy contained an express stipulation that the statements in the application should be considered a part of the contract and in the application the statements of the applicant were referred to as representations. There is nothing, either in the policy itself nor in the application, which refers to any of the statements of the applicant as warranties, and we are of the opinion that the statements were representations, and not warranties. In the case of *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528, the distinction between representations and warranties in insurance policies was clearly pointed out. Judge Battle, speaking for the court, said: "Statements or agreements of the insured which are inserted or referred to in a policy are not always warranties. Whether they be warranties or representations depends upon the language in which they are expressed, the apparent purpose of the insertion or reference, and sometimes upon the relation they bear

to other parts of the policy or application. All reasonable doubts as to whether they be warranties or not should be resolved in favor of the assured.'' Speaking of representations, Judge Battle in the same opinion said: ''When made to the insurer at or before the contract is entered into, they form a basis upon which the risks proposed to be assumed can be estimated. They operate as the inducement to the contract. Unlike a false warranty, they will not invalidate the contract, because they are untrue, unless they are material to the risks, and need only be substantially true. They render the policy void on the ground of fraud, while a non-compliance with a warranty operates as an express breach of the contract.''

(1) Appellant contends that the undisputed evidence shows that there were false representations in two particulars, viz., with respect to prior rejection of the applicant for similar insurance in another company and also the receipt of indemnity from another company under a similar policy. We do not think that the evidence shows beyond dispute that either of the statements constituted a false representation. The issue was submitted to the jury upon instructions conceded to be correct, and the evidence was sufficient to support the findings. Testimony adduced by appellant tended to show that a short time before this policy was issued appellee applied to another company and that his application was rejected. Appellee testified himself on that subject, and stated that he made the application but withdrew it and had no knowledge or information that his application had ever been rejected. There was, in other words, a conflict in the testimony as to whether or not the statement in the application was untrue and the verdict of the jury settled the issue in appellee's favor.

On the other contention as to misrepresentation, the evidence shows that appellee formerly had an accident policy in another company and was paid the small amount of $21.80 as indemnity. His proof of injury was made

out and sworn to by the same person through whom he made the application for the present policy. The evidence shows that the person is not in fact the authorized agent of appellant company, but appellee testified that he dealt with this party and made his application to him and thought that he was the authorized agent of the company. He testified that when the question was reached in the application concerning the prior payment of indemnity he reminded the party to whom he was giving the application of the circumstance of receiving the small amount of indemnity, and the party told him, that as he knew all about it, it was unnecessary to put it in the application. The testimony of appellee tended to rebut any idea of an intended fraud, and there is really nothing in the testimony to show the materiality of the statement, even if it should be treated as a false representation.

Upon the whole, we think there was a question presented to the jury to determine whether or not there was a false representation in either of the statements which would invalidate the policy. *Langford* v. *National L. & A. Insurance Co.,* 116 Ark. 527; *American Life & Accident Co.* v. *Walton,* 133 Ark. 348.

Appellant also contended in the trial below that the injury was not accidental, but was self-inflicted by the assured, and appellant introduced proof tending to establish circumstances to warrant the inference that appellee had inflicted the injuries upon himself for the purpose of collecting the insurance. Viewing the testimony most favorably to appellant, there was a conflict which warranted a submission of the issue to the jury and the verdict is conclusive.

(2) The jury failed to add interest to the amount found due and the court at first rendered judgment only for the amount specified in the verdict, but a few days later, and during the same term of court, amended the judgment so as to include the interest. The court was correct in adding the interest to the judgment for the reason that the policy bore interest after a certain period running from date of the proofs of loss. Unlike the

case of *McDonough v. Williams,* 86 Ark. 608, which is relied on by appellant and which involved the question of interest on an unliquidated demand, the court had before it in this case the question of interest on a matured liquidated demand, and it was correct to add the interest even though the jury had failed to do so.

Judgment affirmed.