ROGERS *v.* ATKINSON.

Opinion delivered February 20, 1922.

INTEREST—AMOUNT OF VERDICT.—Where it was an undisputed fact that, if a party is entitled to a verdict, he was entitled also to the interest, as in the case of a liquidated demand, and the jury brings in a verdict for the principal sum without mentioning interest, the court should add interest to the amount of the verdict in its judgment.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; modified.

*J. S. Utley,* for appellant.

If the payment of $8.50 was made on April 18, 1918, the action on the note was not barred, notwithstanding the statute of limitations. 5 Ark. 551; 19 Ark. 692; 20 Ark. 171; 97 Ark. 217; 92 Ark. 245; 75 Ark. 603; 99 Ark. 212.

The jury having found in favor of the plaintiff for the amount of the note, he was also entitled to interest on same. 77 Ark. 234; 100 Ark. 395.

Smith, J. Appellant sued to recover on a note payable to his order for the sum of $250, with interest at ten per cent. per annum from date until paid. The note was dated March 18, 1915, and the suit was not commenced until January 31, 1921, and the defense interposed was that the cause of action was barred by the statute of limitations. It was alleged by the plaintiff, however, that a payment of $8.50 had been made on the note on April 18, 1918. This payment was denied, and the cause was tried on that issue. The instructions told the jury the verdict should be for the defendant unless they found this payment had been made, but to find for the plaintiff if they found the payment had been made; but there was nothing in the instructions on the question of interest, although the plaintiff prayed judgment in his complaint for the amount of the note and interest.

The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $250," and a judgment was entered on the day of trial for that amount. Later in the term plaintiff filed a motion for a new trial upon the ground that "the court erred in receiving the jury's verdict for the plaintiff in the sum of $250, and erred in not directing the jury, after the return of said verdict and before the said jury was discharged, to return to the jury-room and include in their verdict the interest on the note sued on in this case."

It does not appear that plaintiff asked the court to direct the jury to add interest if the verdict was for the plaintiff; but the right to recover interest follows as a matter of law, once the right to recover on the note itself is established.

In a note to the case of *Minot* v. *Boston,* 201 Mass. 10, 86 N. E. 783, 25 L. R. A. (N. S.) 311, it is said: ''By the weight of authority, when it is undisputed that, if a party is entitled to a verdict, he is entitled to interest, and the jury brings in a verdict for the principal sum without mentioning interest, and this is a mere matter of computation, the court may correct the verdict by adding interest. (Cases cited). Or may render judgment with the addition of the interest, without correcting the verdict. (Cases cited.)''

The note to the case of *St. Louis, El Reno & Western Ry. Co.* v. *Oliver,* 17 Okla. 589, 10 A. & E. Ann. Cases, 748, reads as follows: ''Where the successful party to an action is legally entitled to interest, it is an incident of the verdict establishing his claim, and, in case the jury fail to award interest, the court in rendering judgment may, if the amount of interest is ascertainable by mathematical calculation, add such amount to the verdict.'' A number of cases are there cited which support the text quoted.

The case of *Southern Surety Co.* v. *Barham,* 133 Ark. 220, was a suit on a policy of accident insurance. There was a verdict for the plaintiff, but the jury failed to add interest to the amount found due, and the court at first rendered judgment only for the amount specified in the verdict, but a few days later, and during the same term, the court amended the judgment so as to include the interest. This action was assigned as error in the motion for a new trial; but we there said: ''The court was correct in adding the interest to the judgment for the reason that the policy bore interest after a certain period running from date of the proofs of loss. Unlike the case of *McDonough* v. *Williams,* 86 Ark. 608, which is relied

on by appellant and which involved the question of interest on an unliquidated demand, the court had before it in this case the question of interest on a matured liquidated demand, and it was correct to add interest, even though the jury had failed to do so.''

It follows therefore that, as the plaintiff was entitled, as a matter of law, to the interest on his note, and the ascertainment of this interest is a mere matter of calculation, the judgment of the court below must be so modified as to include the interest; and it is so ordered.