NORTON *v.* HICKINGBOTTOM.

4-8365                                206 S. W. 2d 777

Opinion delivered December 22, 1947.

*A. M. Coates,* for appellant.

*Dinning & Dinning,* for appellee.

GRIFFIN SMITH, Chief Justice. J. C. Hickingbottom, a building contractor, sued Dr. E. F. Norton and Mary G. Norton, (husband and wife) alleging that by the terms of a written contract the plaintiff was to supply labor necessary to make certain repairs to real property owned by the defendants, compensation to be $1,389.75. It was further alleged that as the work progressed there were requested alterations or additions, reasonable value of which was $792.75. The undertakings were finished November 15, 1945. Demand was for payment covering the additional services, with interest at six per cent. from date of completion.

An answer admitted the original contract, but denied the supplemental agreement. By way of cross complaint the defendants alleged damages of $750 because of plain-

tiff's failure to substantially perform under the written contract. Payment of $1,100 was claimed to have been made, leaving, *prima facie,* $289.75 withheld to offset matters neglected. This was included in the cross complaint prayer for $750.

The jury returned a verdict for $347.69 in favor of the plaintiff without explaining how the amount was arrived at. The Court gave judgment for this sum, with interest at six per cent. from December 1, 1945. Thereupon the defendants filed exceptions. Their contention was that the jury must have found that the unpaid difference between $1,389.75 and $1,100 had been earned, and that to this item of $289.75 interest at ten per cent. for two years had been added. This conclusion, it is argued, infers that the jury disallowed the difference between $792.75 claimed by the plaintiff, and $289.75,—that is, $503; hence the balance defendants concede would have been payable if plaintiff had completed the original contract, and interest for two years at ten per cent. yearly ($57.94) accounted for the judgment, $347.69.

It is quite probable that the jury did just what appellants claim; but the appeal is here without a bill of exceptions and our consideration extends only to the face of the record. Appellants tendered to the trial court affidavits executed by jurors who explained how they arrived at a verdict. These were properly disregarded.[1] While in the case at bar there is no suggestion that in the interim between return of the verdict and execution of the affidavits members of the jury had mingled with the public or could have been subjected to outside influence, a policy permitting jurors individually to impeach, or materially explain, their official action would tend toward impairment of verdicts, rendering them less secure. See *Consolidated Rendering Co.* v. *New Haven Hotel Co.,* 300 F. 627. We are not, of course, dealing with a case where misconduct of a juror is alleged.

---

[1] By § 4060 of Popes Digest, "A juror can not be examined to establish a ground for a new trial, except it be to establish, as a ground for a new trial, that the verdict was made by lots.—Section 269 of the Criminal Code.

In *Reiff* v. *Interstate Business Men's Accident Association of Des Moines, Iowa,* 127 Ark. 254, 192 S. W. 216, the Court held considerations of public policy in the orderly administration of justice forbid the reception of evidence on the part of a juror, after discharge of the jury and separation of its members. It was there sought to show by a juror that he did not "understand and appreciate" the effect of the verdict.

In their brief appellants concede that the last work done by Hickingbottom was November 15, 1945. Instructions are certified by the Clerk as a part of the record, and appellants argue by analogy that when Instruction No. 4 is considered, showing how the controverted items were submitted, the conclusion is inescapable that the charge of $503 for extra work was disallowed. But if it be conceded that this construction is tenable, the difficulty is that the instructions are not before us. In *O'Neal* v. *Parker,* 83 Ark. 133, 103 S. W. 165, it was said that instructions given or refused, if not brought up by bill of exceptions, will not be considered, although copied in the transcript. Chief Justice McCulloch, in writing the Court's opinion affirming the judgment appealed from by *Queen of Arkansas Insurance Company* (102 Ark. 95, 143 S. W. 596), said: "None of the instructions is contained in the bill of exceptions, nor does the bill of exceptions contain any call for them, though the clerk has included what purports to be a list of instructions in the transcript. This is an additional reason why we cannot consider the assignment of alleged errors in giving instructions".

It must be held that there were matters before the jury, as reflected by the record, from which it could have found that appellants owed appellee $347.69 and that it was due November 15, 1945. There is no contention that the amount earned by Hickingbottom was not payable when the work was completed.

Appellants' last contenton is that since the debt found by the jury to be due was not a liquidated demand, interest could not be added to the judgment for an amount

accruing prior to a determination of the value of the services. The principle discussed is analogous to Judge HART's reasoning in *White & Black Rivers Bridge Co.* v. *Vaughan,* 183 Ark. 450, 36 S. W. 2d 672. Vaughan asked judgment on a *quantum meruit* basis. The opinion says that he did not claim any contract, or allege that there was an agreement to pay a stated amount for the services rendered. In the instant case appellant stated a supplemental contract, and says that under it labor amounting to $792.75 was supplied. It is not asserted that the *agreement* was for a particular sum. In that respect the transaction aligns with facts in the Vaughan controversy. If, as the jury found, appellant was entitled to $347.69 December 1, 1945, payment should have been made at that time, and the Court did not err in adding interest. *Rogers* v. *Atkinson,* 152 Ark. 167, 237 S. W. 679. This result, of course, disregards appellants' contention that the judgment could only have been for $289.75 as of November 15, 1945, and that the jury added interest at ten per cent. for two years. In the absence of a bill of exceptions we must presume there was competent evidence before the jury from which it could have found that a part of the claim for $503 should be allowed, and that this integral, as distinguished from $57.94 in interest, accounted for the result.

Affirmed.