INDUSTRIAL BANK OF COMMERCE, Judgment Creditor, *v.* ROGER HAYSE, Judgment Debtor.

City Court of the City of New York, Special Term, Bronx County, February 27, 1948.

*John J. Dwyer* for judgment creditor.

No appearance for judgment debtor.

BONEPARTH, J. The judgment creditor moves for an order, under subdivision 2 of section 794 of the Civil Practice Act, directing the third party to pay over a sum, alleged to be due from the third party to the judgment debtor.

The present motion is made in a proceeding commenced by the service upon the third party, of a third party subpœna, containing a copy of the provisions of section 781 of the Civil Practice Act, restraining any transfer of property belonging to the debtor. The judgment debtor, although served with papers on the instant motion, has not appeared; nor is any examination of the judgment debtor submitted.

It appears that the third party purchased some furniture from the judgment debtor. Upon the sale, the third party paid part of the purchase price in cash, and gave notes for the balance of $175; two of these notes are unpaid and past due.

This balance, represented by the unpaid notes, the creditor seeks to have ordered paid by the third party.

The notes have not been produced.

Nor is there any indication in the moving papers, as to the form of these notes. But, it will be assumed that the notes are in the usual form of negotiable instruments.

Nor is there any allegation as to who is the holder of the notes at this time.

It is true that the moving papers allege that the third party owes the judgment debtor the amount of the unpaid notes; but that is a legal conclusion. (*Thayer* v. *Gile,* 42 Hun 268, 270.)

Under these circumstances, an order should not be made directing the third party to pay over the amount of the unpaid notes, as otherwise the third party may be subjected to payment again at the hands of a holder in due course.

First, it is to be noted that a holder of a note in due course is not bound by payment to a prior holder, after transfer of the

note. (*Mundet Cork Corp.* v. *Grupp,* 154 Misc. 798; *First National Bank* v. *Hauss,* 214 App. Div. 689, 692.) Furthermore, the rule as to the production or surrender of notes, given for an indebtedness, as a condition to recovery on the original indebtedness is thus expressed in Ruling Case Law (Vol. 21, Payment, § 58): " It is a well established rule that where a negotiable bill or note has been received on account of a debt, * * * a recovery cannot be had on the original obligation without a surrender of the negotiable paper, or a satisfactory explanation of its non-production, or unless it appears that it cannot be enforced by a third person. The reason for the rule is, not that the debt has been paid, but that a suit might afterwards be brought by the indorsee, and so the party might be compelled to pay the debt a second time." (See, also, 85 A. L. R. 1057, 1058; *Woodard* v. *Madsen,* 127 Misc. 19; *Reehl* v. *Martens,* 40 App. Div. 231.)

It has been held that " the service of the third party subpœna in proceedings supplementary to execution takes the place of the commencement of a suit under the old system and gives the judgment creditor the priority of a vigilant creditor and a lien upon the equitable assets of the debtor." (*Matter of Wickwire Spencer Steel Co.,* v. *Kemkit Scientific Corp.,* 292 N. Y. 139, 142.)

But, in the instant case, unless the debtor now owns the note, the third party is not obligated to pay the debtor, and the alleged claim against the third party is not an asset of the judgment debtor.

There is a distinction, which must be respected, between a simple debt due to the judgment debtor and a debt due, which is evidenced by a negotiable instrument.

This distinction is recognized in section 799-a of the Civil Practice Act, which provides, in part, as follows: " Every transfer by the judgment debtor * * * of any * * * debt due from a third party, upon whom there shall have previously been served an order or subpoena containing any stay * * * shall be subject to such rights and remedies as the judgment creditor would have had if such transfer had not been made; except that the foregoing provisions of this section shall not apply to (a) a transfer of a debt evidenced by a negotiable instrument ".

Similarly a distinction is made in the method of levying under a warrant of attachment upon a simple debt, and upon a debt consisting of a negotiable instrument (Civ. Prac. Act. § 917; *Standard Factors Corp.* v. *Manufacturers Trust Co.,* 182 Misc. 701; *Anthony* v. *Wood,* 96 N. Y. 180.)

An order under subdivision 2 of section 794 of the Civil Practice Act can be made " If it shall appear to the satisfaction of the court that the said third party is indebted to the judgment debtor ". And in *Kenny* v. *South Shore Natural Gas & Fuel Co.* (201 N. Y. 89), the court said, at page 93: " It has long been a feature of our procedure supplementary to execution that no summary order shall be made therein for the application of money or property to the payment of the judgment unless the judgment debtor's right to the immediate possession of such money or property is substantially undisputed."

The proof submitted by the judgment creditor does not meet the tests required for an order herein.

Accordingly, the motion for an order under section 794 of the Civil Practice Act is denied, with leave to renew.