BOONE *v.* GENERAL SHOE CORPORATION.

4-9541                                    242 S. W. 2d 138

Opinion delivered July 9, 1951.

Rehearing denied October 8, 1951.

*Paul Johnson,* for appellant.

*James A. Ross, Randall L. Williams* and *Sims & Clarke,* for appellee.

PAUL WARD, J. The General Shoe Corporation is domiciled in the State of Tennessee and is authorized to do business in Arkansas, and as such is engaged in the wholesale distribution of shoes. Mrs. Pearl Boone is the owner, or at least the principal owner of "The Jacqueline Shop" and under this business name is engaged in the retailing of ladies ready to wear in Drew County at Monticello, Arkansas. One J. E. Jones is also doing business—apparently engaged in selling shoes—in "The Jacqueline Shop" in the same room and building, using the same entrance, but his relationship to "The Jacqueline Shop" and to Mrs. Pearl Boone is not clearly established.

On August 21, 1950, the General Shoe Corporation, appellee, filed a complaint in the Drew County Circuit Court against Mrs. Pearl Boone, J. E. Jones, and "The Jacqueline Shop", making the following allegations: It is advised, believes and alleges that Mrs. Pearl Boone and J. E. Jones are the owners and operators of "The Jacqueline Shop" and are engaged in the retailing of ladies ready to wear and ladies shoes; it sold to "The Jacqueline Shop" through its agent or partner J. E. Jones during the period beginning in July, 1949, through October 20, 1949, goods to the value of $2,092.17 and the defendants owe a balance of $1,989.90. An itemized statement marked "Exhibit A" is attached to the complaint. It sold said goods with the understanding and belief that J. E. Jones was a partner or agent of "The Jacqueline Shop"; that the merchandise was shipped to "The Jacqueline Shop" and accepted by it in that name until on October 20, 1949, when Mrs. Pearl Boone gave notice that she was not liable for the debts of the said Jones; that it relied on the credit of "The Jacqueline Shop" and treated it as principal to the contracts of sale and

shipped direct to it in that name. After receiving the notice referred to above it sold to J. E. Jones merchandise to the value of $457.53 of which amount $40.83 has been paid, leaving due from Jones $416.70. It was led to believe that J. E. Jones was acting as agent of or a partner with the defendant, Mrs. Pearl Boone, because the shoe department and ladies ready to wear department are both operated as one business, in the same building, and under one firm name, "The Jacqueline Shop"; that said conditions and acts of Mrs. Boone caused plaintiff to extend credit which was based on her credit rating and not that of Jones; that Mrs. Boone held Jones out to the public as her partner or agent allowing him to hold himself out to the public as such partner or agent, and that she (Mrs. Boone) is now estopped to deny it as against this plaintiff (appellee). Judgment is asked against Mrs. Boone and J. E. Jones jointly and severally in the sum of $1,989.90 and against J. E. Jones individually in the sum of $416.70 together with interest at six per cent after thirty days from the date of sale of each item of merchandise.

Mrs. Boone and Jones filed separate answers denying all allegations made in the complaint, and Jones pleaded affirmatively that both amounts sued for, including interest, had been paid by him with a promissory note in the amount of $3,011.21 executed on November 20, 1949, in favor of plaintiff.

Based on the verdict of the jury the court rendered judgment in favor of appellee in the sum of $1,989.90 against Mrs. Pearl Boone and J. E. Jones and against J. E. Jones in the additional sum of $416.70. It will be noted that no interest was allowed in either judgment. From this judgment both sides have appealed.

The record, containing much testimony and many exhibits, is voluminous, but as we view the case it is not necessary here to detail the testimony extensively. The correctness of the amounts of the judgments is not questioned except that appellee contends the court should have given it judgment for interest. J. E. Jones has not appealed.

Mrs. Boone, appellant, bases her contention for a reversal largely on the theory that admissible evidence under the pleadings was insufficient to establish an actual or ostensible agency, or a partnership. In this we do not agree for it is our opinion that appellee's complaint, as abstracted above, is sufficient to justify a recovery against Mrs. Boone on the ground that she, by the manner in which she allowed her business to be conducted as disclosed by the evidence, led appellee to believe Jones was clothed with authority to purchase merchandise for "The Jacqueline Shop" either as her agent or partner.

The law applicable to the pleadings and evidence in this case was announced in *Brugman, et al.,* v. *McGuire, et al.,* 32 Ark. 733 at page 739 where the instruction set out below was given by the lower court and approved by this court:

"First—It was not necessary to entitle the plaintiffs to recover, to prove that the defendants were partners or jointly interested in the mill, but if their acts and conduct were such as to induce the plaintiffs to believe them to be partners or jointly interested, and, under that impression and belief so created, the work was done and the materials furnished, both were liable to the plaintiffs therefor, although Peter Brugman was not, and Philips E. Brugman was alone interested in having the work done and materials furnished, and the same was for his sole use and benefit."

On page 740 of the same citation appears this language:

" 'It is undoubted law', says Judge Parsons in his work on partnership, 'that one held out as a partner with his own consent is liable as such whether he be a partner in fact or not.' Par. on Part., 87, 123; Sto. on Part., § 64; *Humphries* v. *McGraw,* 5 Ark. 61; *Olmstead* v. *Hill,* 2 *Ib.,* 346."

We approach our decision in this manner for the same reason that our view expressed above simplifies and clarifies our disposition of the numerous contentions (for

a reversal) made by appellant, which we now proceed to discuss in the order set forth in appellant's brief.

First. The note from J. E. Jones destroyed appellee's cause of action on the account against Mrs. Pearl Boone. There is nothing in the record to show that appellee accepted the note with the understanding and agreement that it would extinguish the open account and in the absence of such evidence this case is controlled by the law as stated in *Henry* v. *Conley,* 48 Ark. 267, 3 S. W. 181, and we quote from page 271:

"The taking of the note, bill or check of a debtor, or of one of several joint debtors, or of a stranger for an antecedent indebtedness, is no payment, unless it is agreed to be taken as such. It is only conditional payment, dependent on the payment of the paper. If that is dishonored, the original debt revives."

Also on page 740 of the Brugman case, *supra,* the same announcement is made in these words:

"That the debt for which the notes were given was not paid and extinguished by the notes of Peter Brugman unless it was the intention and understanding of the parties at the time the same were given, that they were in payment and discharge of it and so received."

Second. Error is urged in that a joint and several judgment was rendered against Mrs. Boone and J. E. Jones. It was not error to render judgment against J. E. Jones because he admitted he owes the entire amount and has not appealed. Mrs. Boone's liability is a question for decision and if she is liable the form of the verdict is immaterial.

Third. Here appellant claims that the evidence was insufficient to justify a verdict against her upon the theory of agency as alleged in the complaint. As mentioned above we hold that appellee was not limited to recovery on the theory of agency alone. The sufficiency of evidence on the whole will be discussed later.

Fourth. It is first insisted that it was error for the court to allow introduction as exhibits the first order

sheet, certain ledger sheets, and a copy of the original invoice of merchandise through the testimony of T. D. Oxford, a witness for appellee. We see no error in the introduction of these exhibits as they are a part of the entire picture tending to show Mrs. Boone's connection with the entire transaction.

Appellant next objects to the testimony of Preston Ballard. Ballard was one of appellee's salesmen and as such had been in appellant's place of business for the purpose of taking orders from "The Jacqueline Shop". He testified among other things that the stock of shoes was in the same building with the dress shop; that there was only one front entrance; that the only name on the place of business was "The Jacqueline Shop"; that Mr. Jones was in the place of business and gave him orders for merchandise; that the orders were taken in the name of "The Jacqueline Shop"; that there was nothing to indicate to him that Mr. Jones did not have an interest in the business. There was no error in the introduction of this testimony.

It is insisted also by appellant that when the note given by Jones was tendered in court it operated to immediately discharge Mrs. Boone from all liability under the pleadings. In our opinion it was not only proper but necessary for appellee to produce Jones' note in court and surrender the same. Appellee could not sue on the note and on the open account both at the same time and it was necessary for it to make a selection, which it did. It is also stated in Am. Juris. Vol. 1, p. 269, § 8, under Accounts and Accounting, from which we quote in part as follows:

"The giving of a note for a debt represented by an account does not, however, extinguish the debt, and an action may be maintained on the original indebtedness if the note is not paid. But, if one accepts from another, in liquidation of an open account, a negotiable promissory note, he cannot recover in a suit upon the original cause of action unless, upon the trial, he produces the note or satisfactorily acocunts for its absence."

Appellant objects to the introduction of a report from Dunn & Bradstreet and to the introduction of two newspaper advertisements showing that "The Jacqueline Shop" was offering for sale shoes, as well as ladies ready to wear. This evidence, we think, was proper as it tended to develop the entire picture as stated before. The fact that Oxford, one of appellee's salesmen, testified that he had no knowledge of these advertisements in the newspaper would not render them incompetent as testimony for the reason stated.

Fifth. Appellant objects to the instructions as a whole given by the court but does not deem it necessary to discuss the instructions separately. Appellee agrees with appellant and likewise does not discuss the separate instructions given by the court. Our examination of all of the court's instructions reveals no reversible error. A different conclusion regarding the instructions might be reached if we agreed with appellant on her theory of this case as heretofore mentioned, but we do not so agree.

Sixth. Appellant contends that the forms of the verdicts given to the jury were wrong and that they practically excluded the jury from finding in favor of Mrs. Boone. It appears that the forms were dictated by the court and appellee insists that appellant made no objection at the time and that the copy of the transcript which was delivered to it by the clerk showed that no objection had been made. It appears that the transcript was later amended by interlineation to show that appellant did object. We think, however, it is immaterial whether any objection was made or not since it appears from the record that the forms of the verdict furnished ample opportunity for the jury to find in favor of appellant if it had so desired.

Seventh. The record reflects that appellees introduced photostatic copies showing the running account with "The Jacqueline Shop". Appellant does not object to the introduction of the sheets because they were photostatic copies, but does insist and did in her motion for a new trial, that the photostatic copies show they were not

true copies of the original and that the originals had been tampered with before the photostats were made. This applies only to the first two ledger sheets. The name "The Jacqueline Shop" appears in the photostat at the top of each sheet, but the first two sheets indicated that a slip of paper had been pasted on top. On orders of the court the originals were later brought in and showed, as admitted by appellee, that the two ledger sheets first had on them the name J. E. Jones. While this at first appears to be a very serious matter we are of the opinion that it reflects no reversible error. Testimony was introduced by appellee to the effect that the mistake was an error in bookkeeping and that the change was made "October 27 to 31st, 1949" before they had any knowledge that the debt would not be paid. The record reflects that the owner became insolvent in August, 1950. The explanation made concerning the change seemed reasonable since the ledger sheets which had not been changed showed that something like thirty charges had been entered on sheets which had not been changed and which contained the heading "The Jacqueline Shop". We cannot say the lower court erred in refusing a new trial.

It is our opinion that there is an abundance of testimony to support the verdict of the jury on the ground that the action or lack of action on the part of Mrs. Boone, together with the manner in which the business was conducted and the apparent relationship between Mrs. Boone and Jones, led appellee to believe that Jones had authority to purchase merchandise for "The Jacqueline Shop". They were doing business together in the same room which had only one entrance, and the only name by which the business was known was "The Jacqueline Shop". Appellee had shipped merchandise to "The Jacqueline Shop" over a period of months and had on each occasion sent an invoice showing that the merchandise was charged to "The Jacqueline Shop" and mailed to that address. The evidence shows clearly that Mrs. Boone had access to the mail and could not but have known these facts. The evidence also shows that over this period of time 150 or 200 invoices were mailed to

"The Jacqueline Shop". All of these facts were known to appellee's employees who went to the place of business and solicited orders for merchandise. Although appellant contends that she sold only ladies ready to wear and that Jones alone was interested in the sale of shoes yet the newspaper advertisements offered both classes of merchandise under the name of "The Jacqueline Shop". Jones himself at unguarded moments on the witness stand spoke of the business as "our business".

In our opinion no error prejudicial to appellant was committed by the lower court and the judgment should be affirmed on direct appeal.

On cross-appeal appellee contends that it should have been given judgment for interest at the rate of six per cent on all merchandise sold and not paid for within thirty days after delivery. This was alleged and asked for in its complaint and there was evidence to support the allegation. As has been noted the jury gave judgment only for the sales price of the merchandise and no judgment was entered for interest. Appellee did not ask for an instruction on interest and we think that was not necessary, however, after the verdict was returned appellee did ask the court to add interest to the judgment and it also asked for it in its motion for new trial. In both instances it was denied by the court. We think this question is settled in the case of *Rogers* v. *Atkinson,* 152 Ark. 167, 237 S. W. 679 and we quote the headnote:

"Where it was an undisputed fact that, if a party is entitled to a verdict, he was entitled also to the interest, as in the case of a liquidated demand, and the jury brings in a verdict for the principal sum without mentioning interest, the court should add interest to the amount of the verdict in its judgment."

A late case in harmony with the above is *Norton* v. *Hickingbottom,* 212 Ark. 581, 206 S. W. 2d, 777.

Affirmed on direct appeal and on cross-appeal the cause is reversed and remanded with directions that judgment for interest be entered for appellee as prayed.

GEORGE ROSE SMITH, J., concurs.