Pierson E. SKELTON and Billie A. SKELTON,
Husband and Wife *v.* FARM SERVICE
CO-OPERATIVE, INC.

CA 79-82                                    587 S.W. 2d 76

Opinion delivered August 29, 1979
and released for publication October 4, 1979

*Pearson & Woodruff,* by: *Ronald G. Woodruff* and *Priscilla K. Pope,* for appellants.

*James F. Dickson,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This case was appealed to the Arkansas Supreme Court and was transferred to the Court of Appeals pursuant to Rule 29(3) of the Arkansas Supreme Court.

The appeal is from a judgment on a directed verdict from the Washington County Circuit Court for $61,239.96 in favor of appellee upon a suit on account for feed and other merchandise purchased by the Appellant, Pierson E. Skelton, from the Appellee, Farm Service Co-operative, Inc.

The complaint included a count seeking to recover judgment on the open account and another count seeking judgment on a promissory note for $39,839.37, dated February 20, 1975, executed by Skelton and wife to the appellee. Evidence was presented by appellee tending to show the note was accepted by appellee as security for the open account.

At trial, the appellee abandoned the portion of the suit seeking judgment on the note, did not produce or surrender the note and presented evidence seeking judgment only upon the account, including pre-judgment interest at the rate of 10%.

Appellee's evidence made a prima facie case upon which the court could properly have found that the Appellant Skelton purchased feed from the appellee and that the account for same had not been paid. There was no competent evidence the Appellant, Mrs. Skelton, participated in purchasing the feed.

At the close of the appellee's evidence appellants moved for a directed verdict, contending the appellee had not met the burden of establishing the debt on the open account and had failed to introduce in evidence the note given in connection with the account or explain the failure to produce the note.

The court overruled appellants' motion for a directed verdict and rendered judgment for appellee for $61,239.96 against both Mr. and Mrs. Skelton. The judgment appears to include several thousands of dollars of pre-judgment interest, and possibly interest upon prior finance charges, but there was no testimony as to the rate of interest or the principal amounts and periods of time used in arriving at the amount of interest.

Appellants seek reversal on two points: First, the court erred in failing to grant appellants' motion for directed verdict at the close of appellee's case for failure to proffer, produce or surrender the promissory note executed as security for the account, and second, that there was no substantial evidence to support the verdict.

On the second point there is clearly no evidence in the record to warrant a judgment for appellee against Mrs. Skelton. It is true, she apparently signed a promissory note along with her husband to secure the open account her husband had incurred, but the note was not produced, offered in evidence or surrendered, and counsel for appellee announced at trial that judgment was not sought on the note.

On the first point for reversal, the law is well settled that a note given for an antecedent account is not payment of the debt, unless it is agreed to be taken as such. There was no evidence here the note was accepted in payment of the debt.

Under such circumstances, if the debt is not paid when the note becomes due, suit can be maintained on either the note or the account. See, Ark. Stat. Sec. 85-3-802 (1) (b) and *Boone v. General Shoe Corp.*, 219 Ark. 340, 242 S.W. 2d 138 (1951). However, it was necessary for the appellee to produce and surrender the note in court to be entitled to a judgment on the open account. In the *Boone* case the court held it was necessary to surrender the note and quoted with approval from Am. Jur., Vol. I, p. 269, Sec. 8, as follows:

> But, if one who accepted from another in liquidation of an open account, a negotiable promissory note, he cannot recover in a suit upon the original cause of action unless, upon trial, he produces the note or satisfactorily accounts for its absence.

If the law were otherwise, the note could be transferred to a third party, thereby exposing the debtor to the expense of defending a law suit and possible double liability.

This problem was recognized in *Industrial Bank of Commerce v. Harpe*, 77 N.Y.S. 2d 605, 191 Misc. 658 (1948) in which the court said:

> . . . a recovery cannot be had on the original obligation without a surrender of the negotiable paper, or a satisfactory explanation of its non-production, or unless it appears that it cannot be enforced by a third party. The reason for this rule is not that the debt has been paid, but that a suit might afterwards be brought by the indorsee and so the party might be compelled to pay the debt a second time.

The Uniform Commercial Code, adopted in 1961, does not change the rule announced in the *Boone* case. Rather Sec. 85-3-307 (2) indicates the wisdom of the rule in that it provides that when signatures on a negotiable instrument are established, production of the instrument entitles a holder to recover unless the defendant establishes a defense.

Also, the judgment here included a large amount for prejudgment interest without any showing as to the rate of interest applied and of the period of times and amounts to

which the interest was applied.

The appellee would be entitled to no more than 6% pre-judgment interest on the account from the date of the filing of the complaint to the date of judgment. *Advance Construction Co., Inc., et al v. Dunn*, 263 Ark. 232, 563 S.W. 2d 888 (1978), *Johnson v. Hull*, 57 Ark. 550, 22 S.W. 176 (1893).

The case is reversed and dismissed as to the Appellant, Mrs. Skelton, and reversed and remanded as to Mr. Skelton for further proceedings consistent with this opinion.